**John A. NORMAN, Petitioner,**

v.

**INDUSTRIAL CLAIM APPEALS OFFICE of the State of Colorado; and GMRI, Inc., d/b/a Red Lobster and Olive Garden Restaurants, Respondents.**

No. 11CA0665.

Colorado Court of Appeals,
Div. C.

Sept. 1, 2011.

As Modified on Denial of Rehearing
Oct. 13, 2011.

John A. Norman, Pro Se.

No Appearance for Respondents.

Opinion by Judge LICHTENSTEIN.

In this unemployment compensation benefits case, petitioner, John A. Norman (claimant), seeks review of a final order of the Industrial Claim Appeals Office (Panel) denying his request for a new hearing. The Panel ruled that claimant had not shown good cause for excusing his failure to appear for the hearing previously held and scheduling a new hearing. We disagree, set aside the Panel's order, and remand for a new hearing.

The relevant facts for purposes of this appeal are not in dispute. On January 10, 2011, claimant was awarded unemployment compensation benefits in a deputy's decision based on his separation from employment with GMRI, Inc. (employer). The deputy's decision included an advisement to claimant that a party could appeal within twenty days of the deputy's decision.

Employer timely appealed the deputy's decision to the Division of Employment on January 25, 2011. As there is no provision for service on the parties, employer's appeal was not served on claimant. The first notice sent to claimant that employer had appealed the deputy's decision was the Division's notice of hearing that was sent to claimant on February 3, 2011. This notice informed claimant that the hearing on employer's appeal was set for February 15, 2011. Claimant failed to appear for the hearing, which was held as scheduled.

The record shows that the notice was sent to claimant two days after he left on a temporary trip: he went to Arizona on February 1, 2011, and returned on February 17, 2011. Claimant was unaware of the hearing until it had already taken place, and he promptly requested a new hearing upon receiving the hearing officer's decision disqualifying him from benefits. Claimant stated that it was a "complete shock" to him that employer had appealed. He was not expecting any important mail while he was away, and therefore did not make any arrangements concerning his mail during that time.

The Panel denied claimant's request for a new hearing, ruling that good cause had not been shown to excuse his absence from the

February 15 hearing, and this appeal followed.

The substantive guidelines governing the determination as to whether a party has shown good cause to excuse a failure to act as required are set forth in Department of Labor and Employment Regulation 12.1.8, 7 Code Colo. Regs. 1101–2. One relevant factor in Regulation 12.1.8 is whether the party acted in a "reasonably prudent" manner under the circumstances.

The Panel concluded that claimant did not act reasonably because he did not make arrangements concerning his mail or otherwise contact the employment office while he was away. We cannot agree with this conclusion.

Contrary to the Panel's analysis, the advisement given in the deputy's decision that a party could appeal within twenty days of the decision would not give a reasonable and prudent person any reason to expect a hearing to be set and held within days of that deadline, or to make arrangements to cover that possibility. We note that the advisement given in the deputy's decision informed the parties that an appeal may or may not be accepted by the Division. This language suggests that a discretionary decision must be made after the receipt of an appeal request, further evidencing that a reasonable and prudent person would not have expected a hearing to be held within days of the appeal deadline. In our view, a reasonable and prudent person would not be expected to have another person check and open his or her mail to see if a hearing had been set during a temporary absence of short duration without being given any previous indication of any appeal. We also conclude that claimant acted reasonably in *not* anticipating further proceedings on his unemployment claim, including a hearing, during his brief time away, when he had previously been awarded benefits and left on his trip after employer's appeal deadline had expired without any indication given to him of any pending proceedings.

Moreover, other regulatory factors also support a determination that good cause was shown. The record shows that claimant failed to appear for the February 15 hearing because he lacked timely actual notice of the need to act. Further, "the overall interests of an accurate and fair resolution of the underlying issue to be decided" support scheduling a new hearing with an opportunity for claimant's participation, and there is no indication in the record that employer would be prejudiced by scheduling a new hearing. *See* Reg. 12.1.8.

Although the Panel generally has discretion to weigh the various factors in Regulation 12.1.8 in making its good cause determination, we conclude that it abused its discretion in denying claimant's request for a new hearing under these circumstances. Rather, on this record, we conclude that good cause was shown under the regulatory criteria for excusing claimant's failure to appear and scheduling a new hearing, and the Panel erred in ruling otherwise. *See* § 8–74–107(6)(d), C.R.S.2010 (Panel's decision may be set aside when it is erroneous as a matter of law); *Davis v. Indus. Claim Appeals Office,* 982 P.2d 330, 332–33 (Colo. App.1999).

Finally, we note that a hearing officer has not made factual findings concerning the basis of the good cause determination, and claimant's factual assertions have been accepted as true by the Panel and by this court. However, the record shows that, in the proceedings before the Panel, the Panel directed employer not to respond to claimant's good cause allegations unless and until a new hearing was granted, and stated that employer would then be given "an opportunity to object and present evidence on your objection at the time of the new hearing." Consequently, employer remains free to challenge the factual basis of the good cause determination at the outset of the hearing on remand, in accordance with the provisions of Regulation 12.1.7, 7 Code Colo. Regs. 1101–2.

The Panel's order is set aside, and the case is remanded to it with directions to vacate the hearing officer's decision and to remand the case for a new hearing on the merits of employer's appeal from the deputy's decision.

Judge HAWTHORNE and Judge BERNARD concur.