Catherine T. MIDDLEMIST,
Plaintiff–Appellant,

v.

BDO SEIDMAN, LLP and M. James Collins, Defendants–Appellees.

No. 96CA1649.

Colorado Court of Appeals,
Div. I.

Oct. 2, 1997.

Rehearing Denied Nov. 13, 1997.

Certiorari Denied June 22, 1998.

Catherine T. Middlemist, pro se.

LeBoeuf, Lamb, Greene & MacRae, L.L.P., Marla S. Petrini, Mary L. Will, Stephanie E. Dunn, Denver, for Defendants–Appellees.

Opinion by Judge MARQUEZ.

Plaintiff, Catherine T. Middlemist, appeals the trial court order denying her six pre-trial discovery motions, the dismissal of her claims against defendant M. James Collins, and the summary judgment entered in favor of defendant, BDO Seidman, LLP. We affirm.

Plaintiff, a certified public accountant, was employed at BDO Seidman for approximately two and one-half years. Following her discharge, plaintiff filed a complaint against BDO Seidman and Collins, individually and as tax advisor, alleging five claims for relief: (1) intentional gender discrimination under Title VII of the federal Civil Rights Act; (2)intentional race/national origin discrimination also under Title VII; (3) violation of the federal Fair Labor Standards Act; (4) unlawful retaliation for reporting illegal or unethi-cal accounting practices; and (5) breach of, and/or intentional and improper interference with, plaintiff's employment contract. She also asserted one claim solely against defendant BDO Seidman for negligent hiring and retention of Collins.

According to her complaint, she was terminated from employment when she returned to work following a two-week pregnancy leave, and that shortly before her termination, she had reported an accounting error to her employer.

In November 1995, the trial court dismissed all of plaintiff's claims for relief against Collins. Plaintiff had filed various motions for discovery requests, which the trial court denied, before it issued its August 1996 order granting summary judgment in favor of BDO Seidman as to all of plaintiff's claims.

## I.

Plaintiff contends that the trial court erred in dismissing all of her claims against Collins individually. We disagree.

In determining whether to grant a motion to dismiss pursuant to C.R.C.P. 12(b)(5), the trial court must accept the material allegations in the complaint as true, and the complaint should not be dismissed if plaintiff can be granted relief under any state of the facts alleged. Chidester v. Eastern Gas & Fuel Associates, 859 P.2d 222 (Colo. App.1992). When ruling on a motion to dismiss for failure to state a claim, a court may not consider matters outside the allegations in the complaint. Dunlap v. Colorado Springs Cablevision, Inc., 829 P.2d 1286 (Colo.1992).

An appellate court will uphold a dismissal under C.R.C.P. 12(b)(5) only if it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Rosenthal v. Dean Witter Reynolds, Inc., 908 P.2d 1095, 1099 (Colo.1995).

### A.

First, plaintiff contests the dismissal of her claims against defendant Collins indi-

vidually for discrimination under Title VII of the Civil Rights Act of 1964. We perceive no error.

■ Suits against individuals under Title VII of the Civil Rights Act of 1964, § 701, as amended, 42 U.S.C. § 2000e (1994), must proceed against such persons in their official capacity; individual capacity suits are inappropriate. "The relief granted under Title VII is against the *employer*, not individual employees whose actions would constitute a violation of the Act." *Sauers v. Salt Lake County*, 1 F.3d 1122, 1125 (10th Cir.1993) (emphasis in original). *See also Haynes v. Williams*, 88 F.3d 898 (10th Cir.1996).

■ Thus, a plaintiff must sue the employer in a Title VII action, either by naming the supervisory employees as agents of the employer or by naming the employer directly. *Sauers v. Salt Lake County, supra. See also Newsome v. McKesson Corp.*, 932 F.Supp. 1339 (D.Utah 1996) (unless status of employee is such that employee herself is an employer, action against employee asserting individual liability is subject to dismissal).

BDO Seidman is a limited liability partnership. According to plaintiff's complaint, Collins was a tax partner for BDO Seidman in its Denver office, and was plaintiff's immediate supervisor. Thus, to the extent plaintiff makes claims against Collins in his individual capacity, these claims were properly dismissed. *See Sauers v. Salt Lake County, supra.*

### B.

■ Plaintiff also contests the dismissal of her claims against defendant Collins individually for violations of the Fair Labor Standards Act. Again, we perceive no error.

■ To establish a prima facie case under the Fair Labor Standards Act of 1938, § 6(d)(1), as amended, 29 U.S.C. § 206(d) (1989) (Equal Pay Act), a plaintiff has the burden of proving that (1) plaintiff was performing work which was substantially equal to that of the employees of the opposite sex considering the skills, duties, supervision, effort, and responsibilities of the jobs; (2) the conditions where the work was performed were basically the same; (3) the employees of the opposite sex were paid more under such circumstances. *See Tidwell v. Fort Howard Corp.*, 989 F.2d 406 (10th Cir.1993).

The trial court dismissed this claim on the basis that "no claim [was] asserted against Collins alleging that he has any individual duty to pay or equalize the pay of [plaintiff]." We agree that such an allegation was necessary to state a claim.

### C.

■ Plaintiff contends the dismissal of the claim against defendant Collins individually for his alleged unlawful retaliation against plaintiff for reporting illegal or unethical accounting practices was error because, in plaintiff's view, a plaintiff may name an individual employer, such as Collins, in addition to the partnership of which he is a member. The trial court dismissed this claim stating that: "It is alleged that Plaintiff reported illegal and/or unethical accounting practices. There is no specific claim against Mr. Collins for the alleged retaliation." We agree with the trial court that the requisite elements of a claim against Collins were not stated.

■ The purpose of a complaint is to provide the defendant with reasonable notice of the general nature of the matter presented, and it is sufficient if the pleader identifies the transaction which forms the basis of the claim. *Southerland v. Argonaut Ins. Co.*, 794 P.2d 1102 (Colo.App.1990).

The complaint states with regard to this claim:

15. Shortly before her termination, [plaintiff] had reported to her employer that it would be necessary to reclassify a client's income and thus create a tax liability of $700,000 to 1.05 million dollars plus penalties and interest to the Internal Revenue Service. This problem had been caused by another Certified Public Accountant at BDO Seidman, who had used illegal or unethical accounting practices to obtain a questionable classification of the client's income, with a resulting questionable tax savings to the client.

16. Termination of [plaintiff] from her employment for reporting these illegal or

unethical accounting practices constituted unlawful retaliation under Colorado common law.

Because the complaint lacks any factual allegations explaining how Collins could be held liable individually for the alleged retaliatory discharge, the complaint is deficient in stating a claim against Collins individually. *See* C.R.C.P. 8(a)(2).

### D.

■ Plaintiff also contests the dismissal of her claim against defendant Collins individually for breach of her employment contract. Plaintiff argues that, if Collins were responsible for promulgating or implementing the personnel policies, procedures, and practices in effect at the Denver office, he would be liable in his individual capacity for breach of plaintiff's employment contract. We reject this argument.

Except as otherwise provided in the partnership agreement, in a limited liability partnership, a partner is not personally liable for debts, obligations, or liabilities chargeable to the partnership. However, a partner remains personally liable for his or her own wrongful acts. *See* § 7–60–115(2)(a), C.R.S. 1997.

A party seeking to hold a partner of a limited liability partnership personally liable for alleged improper actions of the partnership must proceed as if attempting to pierce the corporate veil. Section 7–60–153(1), C.R.S.1997. *See generally,* Keatinge, De-Bruyn, and van Westrum, *Limited Liability Partnerships and Other Entities Authorized in Colorado,* 24 Colo. Law. 1525 (July 1995).

The trial court dismissed this claim finding there was no allegation of a contract in the complaint and that no claim was asserted against Collins for interference with contract. The complaint states only that: "The actions of BDO Seidman and Mr. Collins constituted breach of, and/or intentional and improper interference with, Ms. Middlemist's employment contract created by personnel policies, procedures and practices in effect at the Denver office."

Additionally, in any documentation regarding plaintiff's employment, the sections dealing with plaintiff's employment, compensation, and termination without cause were all policies of the partnership only. *See Magnuson v. Smith & Saetveit, P.C.,* 722 P.2d 1020 (Colo.App.1986) (shareholders of professional corporation not personally liable for violation of contract between corporation and its employees). Thus, Collins could not be individually liable for plaintiff's termination.

### II.

Urging that the record provides a sufficient factual basis to support her claims, plaintiff also contends that the trial court erred in granting BDO Seidman's motion for summary judgment. We disagree.

Summary judgment is a drastic remedy that is warranted only on a clear showing that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. C.R.C.P. 56; *Greenberg v. Perkins,* 845 P.2d 530 (Colo.1993).

The party moving for summary judgment bears the burden of establishing the lack of a triable factual issue, and if there are any doubts as to the existence of such an issue, they must be resolved against that party. *Greenberg v. Perkins, supra.*

The party opposing summary judgment is entitled to the benefit of all favorable inferences that may be drawn from the facts contained in the record. *Churchey v. Adolph Coors Co.,* 759 P.2d 1336 (Colo.1988).

Appellate review of a judgment granting a motion for summary judgment is *de novo. Aspen Wilderness Workshop, Inc. v. Colorado Water Conservation Board,* 901 P.2d 1251 (Colo.1995).

### A.

■ Plaintiff claims that the evidence in the record supports her claim for gender discrimination under Title VII because: at the time of her termination she was performing her job in a satisfactory manner; no reasons were given to her for being terminated from her employment; she was terminated from her employment after returning to work from a two-week pregnancy leave; af-

ter she was terminated, her former job duties were assigned to equally or less qualified male employees; and, at the time of her termination, she was being paid less than the rate at which employees of the opposite sex were being paid for equal work on jobs which required equal skill, effort, and responsibility.

To establish a prima facie case of discrimination, plaintiff must show that (1) she is a member of a protected class; (2) she was qualified for an available position; (3) she was discharged from her position; and (4) the circumstances give rise to an inference of unlawful discrimination. *See Colorado Civil Rights Commission v. Big O Tires, Inc.*, 940 P.2d 397 (Colo.1997).

If the plaintiff establishes a prima facie case, the burden of production shifts to the employer to articulate some legitimate, non-discriminatory reason for the employment decision. Once the employer meets its burden, the complainant must then be given a full and fair opportunity to demonstrate by competent evidence that the presumptively valid reasons for the employment decision were in fact a pretext for discrimination. *Colorado Civil Rights Commission v. Big O Tires, Inc., supra.*

Here, plaintiff's own evidence frustrates the basis of her claim.

First, plaintiff's staff performance reports were submitted. The report from summer 1993 to summer 1994 indicates that on a scale of one to four, four being the lowest, the reviewer rated plaintiff a four in many areas and noted that she made too many oversights and errors, and required improvement.

Regarding plaintiff's allegation that she was terminated because she took a two-week pregnancy leave, plaintiff stated in her deposition that she thought it was implied that she was limited to a two-week maternity leave because it occurred during the very busy tax season. She testified that she approached the partners and said she would limit her leave to two weeks to show her commitment and that the partners did not offer to hire a temporary substitute instead. She testified that no one told her, verbally or in writing, that she was limited to two weeks. After the two weeks, the partners granted her request to work at home two days a week.

Plaintiff urges as grounds for discrimination that after she was terminated her duties were assigned to less qualified male employees. However, defendants' answer to interrogatories states that plaintiff's duties were not assigned to others upon her termination, but certain of plaintiff's projects and/or clients were distributed among five women and two men. Additionally, plaintiff's deposition testimony indicated her understanding that her employer did not immediately fill her position.

As discussed more fully below, plaintiff's claim that, at her termination, she was being paid less than male employees for equal job duties is without support in view of her submission of pay stubs showing her pay was equal to or greater than that of her male counterparts.

### B.

Plaintiff uses the same evidence to support her claim for race discrimination under Title VII, 42 U.S.C. § 2000e (1994), adding that after her termination, plaintiff's former job duties were assigned to equally or less qualified non-Asian/Chinese-Malaysian employees.

To the extent plaintiff contends that defendants committed racial discrimination because they asked her to attend an English class, plaintiff stated in her deposition that the partners did not tell her she had to go to the course, but that an outside marketing director suggested she attend class for her language problem. She also stated that she offered to attend after a discussion with one of the partners. In fact, plaintiff stated that none of her clients ever told her that they had difficulty understanding her, that she did not have any specifics to support her claim for racial discrimination, but that she just perceived discrimination.

For these reasons, we conclude that the evidence does not establish an issue of material fact.

## C.

■ Plaintiff also contends that the evidence supported her claim against defendants for violations of the Equal Pay Act. We disagree.

As noted above, to establish a prima facie case under the Equal Pay Act, plaintiff has the burden of proving that: (1) she was performing work that was substantially equal to that of male employees considering the skills, duties, supervision, effort, and responsibilities of the jobs; (2) the conditions where the work was performed were basically the same; (3) the male employees were paid more under such circumstances. *Tidwell v. Fort Howard Corp., supra.*

Plaintiff stated in her deposition that, at the time of her employment, there were four other persons at BDO Seidman doing equal work requiring equal skill. Three of these people worked in a different department, which, according to plaintiff, required types of skills that differed from her job. Moreover, plaintiff submitted pay stubs showing that she was paid equally with or more than the three male employees who began employment at BDO at the same time as plaintiff.

Plaintiff stated with regard to the fourth person that she thought they were of equal education but that he had a few more years experience than she did. And, that person stated in an affidavit that he had always held a position above plaintiff, and that he had occasionally reviewed her work.

Thus, plaintiff failed to establish any genuine issues of material fact with respect to a claim under the Equal Pay Act.

## D.

■ Asserting the evidence supported her claim that termination from her employment for reporting illegal or unethical accounting practices constituted unlawful retaliation, plaintiff also challenges the summary judgment in favor of defendants. We conclude that summary judgment on this issue was proper.

■ In general, employment contracts are at-will and either the employer or the employee may terminate the relationship at any time; an exception to this general rule exists in situations where the employer terminated the employment contract in violation of public policy. *Rocky Mountain Hospital & Medical Service v. Mariani,* 916 P.2d 519 (Colo.1996).

■ To establish a prima facie case that her termination fell within the exception, the plaintiff here had to present evidence showing: (1) that the employer directed the employee to perform an illegal act as part of the employee's work related duties or prohibited the employee from performing a public duty or exercising an important job-related right or privilege; (2) that the action directed by the employer would violate a specific statute relating to the public health, safety, or welfare, or would undermine a clearly expressed public policy relating to the employee's basic responsibility as a citizen or the employee's right or privilege as a worker; (3) that the employee was terminated as the result of refusing to perform the act directed by the employer; and (4) that the employer was aware, or reasonably should have been aware, that the employee's refusal to comply with the employer's order or directive was based on the employee's reasonable belief that the action ordered by the employer was illegal, contrary to clearly expressed statutory policy relating to the employee's duty as a citizen, or violative of the employee's legal right or privilege as a worker. *Martin Marietta Corp. v. Lorenz,* 823 P.2d 100 (Colo. 1992).

■ In order to justify interference into an employer's business decision, the policy at issue in the termination must be one that truly affects the public. *Crawford Rehabilitation Services, Inc. v. Weissman,* 938 P.2d 540 (Colo.1997).

In her deposition testimony, plaintiff states that, although she thought Collins had acted unethically, she did not inform the managing partner because Collins was her immediate supervisor. Additionally, she testified that, while she remained as an employee, she did not find it necessary to tell any co-workers that she thought Collins' behavior was unethical. Moreover, there is no evidence in the record that defendants directed plaintiff to

withhold information concerning the alleged unethical behavior. Thus, plaintiff failed to establish a prima facie case of retaliation and the trial court did not err in granting summary judgment.

### E.

Plaintiff also contends that there was sufficient evidence to support her claim that the actions of BDO Seidman and Collins constituted breach of and/or intentional interference with her employment contract created by personnel policies, procedures, and practices. Because we construe the nature of plaintiff's employment as at-will, we disagree.

Generally, an employee hired for an indefinite period of time is an "at will employee," whose employment may be terminated by either party without cause and without notice, and whose termination does not give rise to a cause of action. *Continental Air Lines, Inc. v. Keenan,* 731 P.2d 708 (Colo.1987).

While statements made in an employee handbook limiting an employer's right to discharge employees may be the basis for breach of implied contract and promissory estoppel claims by discharged employees, *see Continental Air Lines, Inc. v. Keenan, supra,* summary judgment denying claims based on a handbook is appropriate if the employer has clearly and conspicuously disclaimed intent to enter a contract limiting the right to discharge employees. *Ferrera v. Nielsen,* 799 P.2d 458 (Colo.App.1990).

Plaintiff does not specifically allege or present evidence regarding an employment contract. In fact, defendant's personnel guide, which plaintiff acknowledged reading and understanding, contains the following language:

> This Personnel Guide is not intended as, nor does it constitute, a contract of employment. **Continued employment is at the will of the individual and the firm.** (emphasis in original)

Moreover, the signed Manager's Agreement, employing plaintiff as a manager at BDO Seidman, contained the following language:

> Manager's employment under this Agreement shall continue to be "at will" and either party may terminate that employment at any time, without notice, for any reason whatsoever.

These disclaimers were sufficiently clear and conspicuous to inform employees that BDO Seidman intended to maintain at-will employment regardless of procedures and policies in the personnel manual or otherwise. Thus, we conclude that defendant created no contract of employment to contravene at-will employment. *See Ferrera v. Nielsen, supra.*

### F.

Plaintiff also contends that there was sufficient evidence in the record to support her claim against BDO Seidman for negligent hiring and/or supervision. Again, we disagree.

Recovery of workers' compensation benefits is an employee's exclusive remedy against an employer for tortious actions resulting in personal injury. Section 8–41–301, C.R.S.1997; *Rodriquez v. Nurseries, Inc.,* 815 P.2d 1006 (Colo.App.1991). Therefore, an employer who has complied with the insurance provisions of the Workers' Compensation Act is immune from any work-related common law liability for such injuries. *Popovich v. Irlando,* 811 P.2d 379 (Colo.1991). This immunity extends to the injured worker's co-employees. *Popovich v. Irlando, supra; Karlin v. Conard,* 876 P.2d 64 (Colo.App.1993).

Plaintiff requested in her complaint that she be awarded, among other things, losses for emotional pain and suffering and mental anguish. In her deposition testimony, plaintiff stated that she believed defendant negligently hired Collins because he negligently fired her without cause. Accordingly, we affirm the trial court's entry of summary judgment. *See Popovich v. Irlando, supra* (the exclusive-remedy provisions of the Workers' Compensation Act will bar a plaintiff-employee's tort claim against an employer for negligently hiring and supervising a co-employee).

### III.

In regard to several discovery orders, plaintiff's brief broadly claims the trial

court erred in the pre-trial rulings, but does no more than restate the facts preceding the court's ruling. Plaintiff fails to identify any specific errors committed by the trial court with respect to the six pre-trial orders, and provides no legal authority to support an allegation that the trial court erred in making its rulings. Thus, the questions are not properly presented for appeal, and we will not address the propriety of those orders in this appeal. *See Mauldin v. Lowery,* 127 Colo. 234, 255 P.2d 976 (1953)(counsel has duty to identify specific errors and to set out basis for any challenge thereto); *Biel v. Alcott,* 876 P.2d 60 (Colo.App.1993)(failure to provide supporting authority will result in affirmance of trial court ruling).

## IV.

Defendants request that we award damages against plaintiff for filing a frivolous appeal. However, we do not consider plaintiff's appeal to be frivolous. Thus, we deny defendants' request. *See Bernhardt v. Hemphill,* 878 P.2d 107 (Colo.App.1994).

The judgment and orders are affirmed.

METZGER and CRISWELL, JJ., concur.