24CA2118 Vasquez v ICAO 03-06-2025

COLORADO COURT OF APPEALS

Court of Appeals No. 24CA2118
Industrial Claim Appeals Office of the State of Colorado
DD No. 27900-2024

Darin T. Vasquez,

Petitioner,

v.

Industrial Claim Appeals Office of the State of Colorado,

Respondent.

ORDER AFFIRMED

Division IV
Opinion by JUDGE PAWAR
Harris and Grove, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced March 6, 2025

Darin T. Vasquez, Pro Se

No Appearance for Respondent

¶ 1     In this unemployment benefits case, Darin T. Vasquez seeks review of a final order of the Industrial Claim Appeals Office (Panel) dismissing as untimely his appeal of a hearing officer's decision. We affirm the Panel's order.

## I.     Background

¶ 2     Vasquez worked as a sales representative for Transwest, Inc., for over a year.  When Transwest terminated his employment in 2023, Vasquez filed a claim for benefits with the Division of Unemployment Insurance (Division).  After reviewing the claim, a deputy for the Division issued a notice of determination finding that Vasquez was disqualified from receiving benefits.  The notice also advised Vasquez that the determination would be final unless he appealed it within twenty days of the date it was mailed, making the deadline December 12, 2023.

¶ 3     Nearly a year after that deadline, on October 7, 2024, Vasquez filed an appeal of the deputy's determination.  Vasquez explained that his delay in appealing was attributable to his lawyer's advice that he first resolve any worker's compensation claim.  A hearing officer for the Division issued a decision dismissing the appeal as time barred.  As the hearing officer explained, Department of Labor

1

& Employment Regulation 12.1.3.2, 7 Code Colo. Regs. 1101-2, bars appeals filed more than 180 days past the filing deadline. Because Vasquez filed his appeal outside that 180-day window, Regulation 12.1.3.2 mandated dismissal. The hearing officer's order advised Vasquez that the dismissal would be final unless he appealed it to the Panel within twenty days of the date it was mailed — in other words, on October 28, 2024.

¶ 4　　Vasquez appealed the hearing officer's decision two days late, on October 30, 2024. He provided no explanation to the Panel for his delay in appealing the hearing officer's decision, but rather only repeated his explanation for untimely appealing the deputy's decision. The Panel issued an order dismissing Vasquez's late appeal of the hearing officer's decision. In its order, the Panel explained that Regulation 12.1 allowed it to review Vasquez's late appeal only if Vasquez showed "good cause" for his delay in filing. *See* Dep't of Lab. & Emp. Reg. 12.1.3.3, 7 Code Colo. Regs. 1101-2. Because Vasquez attempted no such showing in his appellate filing, nor did he respond to the Panel's emailed request that he do so, Regulation 12.1 precluded the Panel from reviewing the appeal.

## II. Discussion

¶ 5    We may set aside the Panel's decision only if (1) the Panel acted without or in excess of its powers; (2) the decision was procured by fraud; (3) the findings of fact do not support the decision; or (4) the decision is erroneous as a matter of law.  § 8-74-107(6), C.R.S. 2024.

¶ 6    On appeal here, Vasquez reiterates his reasons for appealing the deputy's decision out of time.  But he does not address the reason for the Panel's decision — that he failed to show good cause for his two-day late appeal.  *See People in Interest of M.B.*, 2020 COA 13, ¶ 14 (appellate courts generally review only matters ruled on in the order appealed from).  Nor does he otherwise explain why the Panel's order dismissing his appeal as untimely (by two days) is incorrect.  *See Middlemist v. BDO Seidman, LLP*, 958 P.2d 486, 495 (Colo. App. 1997) (noting appellant's obligation to identify specific errors and legal authorities supporting reversal).   Consequently, we will not disturb the Panel's order.

## III. Disposition

¶ 7    The Panel's order is affirmed.

JUDGE HARRIS and JUDGE GROVE concur.