25CA0091 McGavin v ICAO 04-24-2025

COLORADO COURT OF APPEALS

Court of Appeals No. 25CA0091
Industrial Claim Appeals Office of the State of Colorado
DD No. 18381-2024

Rodrick McGavin,

Petitioner,

v.

Industrial Claim Appeals Office of the State of Colorado,

Respondent.

ORDER AFFIRMED

Division A
Opinion by JUDGE BERGER*
Román, C.J., and Hawthorne*, J., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced April 24, 2025

Rodrick McGavin, Pro Se

No Appearance for Respondent

*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art.
VI, § 5(3), and § 24-51-1105, C.R.S. 2024.

¶ 1    Rodrick McGavin seeks review of a final order of the Industrial Claim Appeals Office (the Panel) reversing a hearing officer's decision awarding him unemployment benefits.  We affirm.

## I.    Standard of Review

¶ 2    Under section 8-74-107(6), C.R.S. 2024, we may set aside the Panel's decision where (1) the Panel acted without or in excess of its powers; (2) the decision was procured by fraud; (3) the findings of fact do not support the decision; or (4) the decision is erroneous as a matter of law.

## II.    Analysis

¶ 3    Because McGavin appears pro se, "we liberally construe his filings while applying the same law and procedural rules applicable to a party represented by counsel." *Gandy v. Williams*, 2019 COA 118, ¶ 8.  So we seek to effectuate the substance, rather than the form, of his arguments.  *People v. Cali*, 2020 CO 20, ¶ 34.  However, liberal construction does not include inventing arguments he has not made; we cannot advocate on McGavin's behalf.  *Id.*; *Minshall v. Johnston*, 2018 COA 44, ¶ 21.

¶ 4    "The appellate rules are not mere technicalities, but are designed to facilitate appellate review." *Cikraji v. Snowberger*, 2015

COA 66, ¶ 10. Failure to follow the essential elements C.A.R. 28 requires significantly hinders our ability to adjudicate an appeal. *See id.*

¶ 5    McGavin's briefing is devoid of any record citations, citations to legal authorities, analysis, preservation statements, and review standards. *See* C.A.R. 28. In fact, McGavin's briefing fails to identify any error in the Panel's order. *See Middlemist v. BDO Seidman, LLP*, 958 P.2d 486, 495 (Colo. App. 1997) (noting the appellant's obligation to identify specific errors and legal authorities supporting reversal). Instead, McGavin discusses the case's facts— without any reference to the hearing officer's or the Panel's findings.

¶ 6    Though we sympathize with the many challenges pro se litigants face, we can neither generate an argument for McGavin nor speculate as to what his argument might be. *Gravina Siding & Windows Co. v. Gravina*, 2022 COA 50, ¶ 71. Lacking any argument of error or other guidance supporting reversal, we cannot disturb the Panel's order.

### III.    Disposition

¶ 7    The Panel's order is affirmed.

CHIEF JUDGE ROMÁN and JUDGE HAWTHORNE concur.