24CA2119 Garcia Martinez v ICAO 05-29-2025

COLORADO COURT OF APPEALS

Court of Appeals No. 24CA2119
Industrial Claim Appeals Office of the State of Colorado
WC No. 5-154-318

Alida Garcia Martinez,

Petitioner,

v.

Industrial Claim Appeals Office of the State of Colorado, JJNJ Inc., and
Employers Preferred Insurance Company,

Respondents.

ORDER AFFIRMED

Division III
Opinion by JUDGE DUNN
Brown and Schock, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced May 29, 2025

Alida Garcia Martinez, Pro Se

No Appearance for Respondent Industrial Claim Appeals Office

Ruegsegger Simons & Stern, LLC, Jeffrey C. Staudenmayer, Alexandra V.
Dietzgen, Denver, Colorado, for Respondents JJNJ Inc. and Employers
Preferred Insurance Company

¶ 1    In this workers' compensation action, Alida Garcia Martinez seeks review of an order of the Industrial Claim Appeals Office (the Panel) denying her requests for certain benefits. We affirm.

## I.    Background

¶ 2    Garcia Martinez worked at a restaurant operated by JJNJ Inc. and insured by Employers Preferred Insurance Company (collectively, employer). In August 2020, Garcia Martinez suffered a work-related injury. Garcia Martinez's authorized treating physician diagnosed her with an acute cervical strain and closed head injury. Employer filed a general admission of liability a few weeks later.

¶ 3    After pursuing various treatments, Garcia Martinez underwent a division-sponsored independent medical examination (DIME) with Dr. Caroline Gellrick. Dr. Gellrick determined that Garcia Martinez reached maximum medical improvement (MMI) in December 2021 and assigned Garcia Martinez a seven percent cervical impairment rating.

¶ 4    At employer's request, Garcia Martinez later underwent an independent medical examination with Dr. F. Mark Paz. Dr. Paz

agreed that Garcia Martinez reached MMI in December 2021 but determined that no cervical impairment rating was appropriate.

¶ 5 Garcia Martinez requested a hearing before an administrative law judge (ALJ). The ALJ determined that (1) Garcia Martinez failed to overcome the DIME physician's opinion; (2) employer successfully overcame the DIME physician's opinion regarding cervical impairment; and (3) Garcia Martinez reached MMI in December 2021. The ALJ's order denied Garcia Martinez's requests for additional medical and disability benefits. Finally, the order denied Garcia Martinez's request for penalties against employer for late payments related to mileage and the DIME physician's fees.

¶ 6 On appeal, the Panel set aside the ALJ's decision to the extent that it terminated all medical maintenance benefits. In all other respects, the Panel affirmed.

¶ 7 Garcia Martinez now appeals the Panel's order.

## II. Discussion

¶ 8 We may set aside the Panel's decision only if (1) the Panel acted without or in excess of its powers; (2) the decision was procured by fraud; (3) the findings of fact don't support the

decision; or (4) the decision is erroneous as a matter of law. § 8-74-107, C.R.S. 2024.

¶ 9     Because Garcia Martinez appears pro se, "we liberally construe [her] filings while applying the same law and procedural rules applicable to a party represented by counsel." *Gandy v. Williams*, 2019 COA 118, ¶ 8. That means we seek to effectuate the substance, rather than the form, of her arguments. *People v. Cali*, 2020 CO 20, ¶ 34. But liberal construction doesn't include inventing arguments she has not made. *See id.*; *Minshall v. Johnston*, 2018 COA 44, ¶ 21.

¶ 10    Garcia Martinez filed a combined notice of appeal and opening brief, listing six reasons for her appeal and attaching a letter raising six objections to certain evidence that may have been admitted at the hearing before the ALJ. But beyond this, Garcia Martinez's submission contains no argument, record citations, legal authority, preservation statements, or review standards. *See* C.A.R. 28(a) (outlining requirements for appellate briefing). And though Garcia Martinez expresses frustration with the outcome of her case and broadly asserts that "errors and mistakes" were committed, "the law" was "not applied" fairly and impartially, and her "rights" were

3

"violated," she identifies no specific legal or factual errors for us to review. *See Middlemist v. BDO Seidman, LLP*, 958 P.2d 486, 495 (Colo. App. 1997) (noting the appellant's obligation to identify the specific errors and legal authorities that would support reversal).[1]

¶ 11     While we sympathize with the many challenges pro se litigants face in presenting and litigating their claims, pro se parties are subject to the same laws and procedural rules that apply to represented litigants. *See Cornelius v. River Ridge Ranch Landowners Ass'n*, 202 P.3d 564, 572 (Colo. 2009). And it's not our role to develop arguments on Garcia Martinez's behalf or speculate as to what her arguments might be. *See Gravina Siding & Windows Co. v. Gravina*, 2022 COA 50, ¶ 71. Without any developed argument explaining why the Panel's order was wrong, we can't disturb it.

---

[1] Garcia Martinez didn't file a reply brief. We recognize that she submitted two filings after the deadline to file a reply brief had passed, but because those filings were untimely and she sought no leave to file outside the deadline, we don't consider them. Similarly, though Garcia Martinez references another filing submitted before her opening brief, this court never received that filing. Thus, we are only able to consider Garcia Martinez's combined notice of appeal and opening brief in resolving her appeal.

### III. Disposition

¶ 12    We affirm the Panel's order.

JUDGE BROWN and JUDGE SCHOCK concur.