24CA1368 Marriage of Johnson 08-14-2025

COLORADO COURT OF APPEALS

Court of Appeals No. 24CA1368
El Paso County District Court No. 21DR30652
Honorable Chad Miller, Judge

In re the Marriage of

Cecilia Elizabeth Johnson,

Appellee,

and

Morgan Paul Johnson,

Appellant.

JUDGMENT AFFIRMED

Division I
Opinion by JUDGE MOULTRIE
J. Jones and Kuhn, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced August 14, 2025

Beltz & West, P.C., Daniel A. West, Colorado Springs, Colorado, for Appellee

Law Office of Joel M. Pratt, Joel M. Pratt, Colorado Springs, Colorado, for Appellant

¶ 1    This appeal arises from a contempt order and the resulting entry of punitive sanctions.  The contempt charges arose from the dissolution of the marriage between Cecilia Elizabeth Johnson (mother) and Morgan Paul Johnson (father).

## I.    Background

¶ 2    Mother and father were married in 2005 and have four children.  They separated in 2021 and were divorced in 2023.  At the time of the appeal, the children ranged in age from sixteen to seven.

¶ 3    As relevant here, the permanent orders required father to pay mother $1,222 monthly for child support "through the Family Support Registry" (FSR).  Days after the court issued final orders, mother filed an emergency motion to restrict father's parenting time due to allegations of physical abuse.  To resolve this motion, the parties stipulated, among other things, that they would "participate in family therapy with a new therapist," and "[n]either party would use physical discipline with any of the children."

¶ 4    A year later, mother moved for issuance of a contempt citation against father, alleging that he had (1) not participated in family therapy; (2) physically disciplined a child; and (3) not paid

1

court-ordered child support through the FSR. After a hearing, a magistrate dismissed the remedial contempt requests, but held father in punitive contempt, ordering him to pay $1,500. The magistrate ruled from the bench and later issued a written order adopting the magistrate's oral ruling. The magistrate found, beyond a reasonable doubt, that punitive contempt sanctions were warranted because the stipulated order existed and father knew of it, and father was capable of complying with its terms, but willfully refused. Father petitioned for review with the district court, which denied father's petition.

## II. Punitive Contempt

¶ 5 Father contends that the district court erred by holding him in punitive contempt. We see no basis for reversal.

### A. Legal Framework

¶ 6 In punitive contempt proceedings under C.R.C.P. 107, the movant must prove beyond a reasonable doubt (1) the existence of a lawful court order; (2) the contemnor's knowledge of the order; (3) the contemnor's ability to comply with the order; and (4) that the contemnor's refusal to do so was willful. *In re Marriage of Sheehan,*

2022 COA 29, ¶ 25. Father does not contest the existence of a lawful court order or his knowledge of that order.

### B. Adequacy of the Magistrate's Order

¶ 7 Father argues that the magistrate's order is inadequate because it doesn't provide adequate findings of fact and conclusions of law for us to determine the basis of the magistrate's decision. We aren't persuaded.

### 1. Relevant Law and Standard of Review

¶ 8 The division in *People v. Shifrin*, 2014 COA 14, ¶ 90, opined that "the adequacy of a trial court's findings, as contrasted with the sufficiency of the evidence to support them, is tested by whether an appellate court can discern the lower court's rationale." We therefore review de novo the adequacy of the court's ruling.

¶ 9 A trial court's order is adequate when it contains findings of fact and conclusions of law sufficient to give an appellate court a clear understanding of the basis of its order and to enable the appellate court to determine the grounds upon which it reached its decision. *In re Marriage of Van Inwegen*, 757 P.2d 1118, 1121 (Colo. App. 1988). We consider the trial court's findings and rulings from the bench as a supplement to its written order. *See Friends of*

*Denver Parks, Inc. v. City & Cnty. of Denver*, 2013 COA 177,
¶¶ 34-37.

## 2. Analysis

¶ 10 The magistrate's written order — which was proposed and approved by both parties — noted the magistrate's consideration of the testimony and exhibits presented at the hearing. The court found beyond a reasonable doubt that father could comply with the order to participate in therapy but willfully failed to do so. These findings were "[b]ased on testimony presented," which included testimony that father coordinated the child's independent therapy with mother but considered his own participation in therapy to be unimportant.

¶ 11 Likewise, with respect to the order's prohibition on physical discipline, the magistrate found based on the evidence presented at the contempt hearing — including testimony that father choked a child, "slammed [him] against a wall," and repeatedly kicked him in the ankle — that father could have complied with the order but he willfully did not.

¶ 12    Finally, the magistrate found that father could have complied with the order to pay child support through the FSR, but that he willfully did not.

¶ 13    The magistrate's order applied the appropriate law to the relevant evidence presented at the hearing to reach its conclusions. Because — relying on both the written and oral rulings — we are able to discern the court's rationale for its determination on each count, we are satisfied with the adequacy of the order.[1]

### C.    Sufficiency of Evidence

¶ 14    Father also contends there was insufficient evidence to support the magistrate's punitive contempt determination beyond a reasonable doubt.  Again, we aren't persuaded.

#### 1.    Standard of Review for Sufficiency Claims

¶ 15    We must accept the magistrate's factual findings unless they are clearly erroneous.  *In re Parental Responsibilities Concerning*

---

[1] We reject father's assertion that the court's finding that he willfully failed to comply was inadequate because it contradicted the court's refusal to infer that he had a present ability to comply. Father's present ability to comply with the therapy order was not necessary to support the court's punitive contempt conclusion.  *See Sheehan,* ¶ 41 ("[T]he issue of the present ability to comply is not the focus of punitive contempt; rather, the issue is whether at some point the contemnor had the ability to pay but did not do so.").

*G.E.R.*, 264 P.3d 637, 638-39 (Colo. App. 2011). We review de novo issues of law, including whether the magistrate abused his discretion in evaluating the sufficiency of the evidence presented. *In re Marriage of Young*, 2021 COA 96, ¶ 9.

## 2. Analysis

¶ 16 As was his right, father declined to testify at the hearing. Father didn't present any other evidence. The only evidence before the court therefore was mother's testimony and her admitted exhibits. For each count of contempt, father asserts that the evidence was insufficient to prove his ability to comply with the order and that any noncompliance was willful. We disagree.

¶ 17 The magistrate applied the appropriate law to determine contempt. *Sheehan,* ¶ 25. Moreover, as we discuss below, there is sufficient record evidence to prove each count. Accordingly, we see no abuse of discretion.

### a. Participation in Therapy

¶ 18 The record supports the magistrate's findings of father's ability to comply with the requirement to participate in therapy and his willful failure to do so. Namely, it shows that father was able to confer with mother about other therapeutic issues — for example,

regarding a child's individual therapy. Nonetheless, father chose not to confer with mother after she suggested a new family therapist, in accordance with the stipulation's terms. Relevant to father's willfulness, the hearing testimony included unrefuted statements from father that he would not participate in therapy because he "did not see the importance of [it] or any need to attend" and evidence of father being unresponsive to attempts by the children's therapist to engage him in the children's therapy. Father considered therapy "pseudoscience" and therapists "charlatans."

### b. Physical Discipline

¶ 19 The record evidence also supports the magistrate's finding that father willfully failed to comply with the court's order to refrain from physical discipline. The record includes testimony and photographs concerning incidents in which father "slammed [a child] against a wall" and kicked a child in the ankle in response to the child's behavior. The child also suffered bruising on his neck while in father's care. The testimony shows that father, who could have refrained from this behavior, acted willfully.

¶ 20 To the extent father contends that this testimony concerning the child's injuries was erroneously admitted, he does not develop

this claim. Though he accurately asserts that his attorney lodged a hearsay objection to this evidence, he does not now challenge the court's admission of the testimony on the basis that it was hearsay. *See Middlemist v. BDO Seidman, LLP*, 958 P.2d 486, 495 (Colo. App. 1997) (Claims are not properly presented for appeal when the appellant "fails to identify any specific errors committed by the trial court . . . and provides no legal authority to support an allegation that the trial court erred in making its rulings.").

### c. FSR Payment

¶ 21 The record shows that father knew of the court order and nevertheless paid mother by directly depositing funds into their joint checking account and later, her personal account; he did not begin paying child support into the FSR for more than a year. The record also supports a determination of father's willfulness. Mother's unrefuted testimony was that, before using the FSR, father's inconsistent and intrusive methods of payment exacerbated the anxiety father had caused her by "financial[ly] abus[ing]" her during the marriage.

¶ 22 Given this evidence supporting the magistrate's determination, his finding that the legal factors for contempt had been met are not

arbitrary or unreasonable or a misapplication of the law. To the extent father wishes this court to reweigh the evidence, we cannot. *See In re Marriage of Nelson*, 2012 COA 205, ¶ 35 ("[Even where] there is evidence in the record that could have supported a different conclusion, we will not substitute our judgment for that of the district court."); *see also In re Marriage of Hatton*, 160 P.3d 326, 330 (Colo. App. 2007) ("It is the responsibility of the trial court as the trier of fact to determine the credibility of the witnesses and the sufficiency, probative effect, and weight of the evidence.").

### 3. Remaining Arguments

¶ 23 Incredibly, father also argues that because the order only prohibited physical discipline — which he asserts requires finding that his physical interaction with the children had "some purpose of correction or punishment" — any injuries to the children indicative of abuse were insufficient to support the court's contempt determination.

¶ 24 It's not clear whether father intends this argument as an assertion that there was not a lawful order, that there was insufficient evidence of a violation of a lawful order, or both. Regardless, we reject this argument because (1) prohibiting physical

discipline by a parent that endangers children is the type of order authorized by section 14-10-129(1)(b)(I), C.R.S. 2024; and (2) the record indicates that at least one of the child's injuries (bruising from father repeatedly kicking him in the ankle) was sustained as part of father's reaction to the child's behavior (sledding into his sibling).

¶ 25    Finally, without citing to any legal authority, father argues that mother improperly "weaponized" contempt.  But father does not otherwise develop this claim.  We therefore decline to address it. *Middlemist*, 958 P.2d at 495.

### III.   Disposition

¶ 26    The judgment is affirmed.

JUDGE J. JONES and JUDGE KUHN concur.