24CA1383 Estate of Schafer 10-23-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 24CA1383
Adams County District Court No. 20PR30195
Honorable Sara Price, Magistrate

---

In re the Estate of Llewellyn Woodrow Schafer, a/k/a Llewellyn W. Schafer, a/k/a Llewellyn Schafer, deceased.

David L. Schafer,

Appellant,

v.

Kendra Knogge,

Appellee.

---

ORDER AFFIRMED

Division III
Opinion by JUDGE DUNN
Lipinsky and Kuhn, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced October 23, 2025

---

David L. Schafer, Pro Se

Schwartz, McMinimee & Andrew, LLC, Marcie R. McMinimee, Tyler C. McFarland, Denver, Colorado, for Appellee

¶ 1    David L. Schafer appeals the district court's order for final settlement of the estate of Llewellyn Woodrow Schafer, his deceased father. We affirm.

## I.    Background

¶ 2    After Llewellyn died, David's sister opened a probate case and the court appointed her personal representative of the estate.[1]

¶ 3    Llewellyn's will directed that his residuary estate be divided among his seven children. The estate's primary asset was real property, which included a house and other buildings. At the time Llewellyn died, David lived in the house. After David refused to vacate, the personal representative retained counsel and began eviction proceedings.

¶ 4    During this process, David set fire to the property, damaging the house and other structures. For this conduct, David pleaded guilty to first degree arson and received a six-year prison sentence.

¶ 5    The estate incurred about $35,000 in fees and costs related to the eviction proceedings and property remediation. And while insurance covered some of the property damage, it did not cover an

---

[1] Because several parties have the same last name, we refer to individuals by their first names. We mean no disrespect.

1

estimated $170,000 in repair costs for a damaged outbuilding. The estate didn't repair the outbuilding but sold the property "as is" at a reduced price. The estate retained the insurance payment and sale proceeds.

¶ 6 After selling the property, the personal representative filed a petition for final settlement of the estate. Among other things, the petition requested that the court offset against David's share of the estate the fees and costs related to the eviction proceedings and property remediation ($35,000) and the estimated repair costs ($170,000). David and another sibling objected. Through counsel, David challenged the offset of the estimated repair costs (but did not appear to challenge the offset of the fees and costs).[2]

¶ 7 After a hearing, the district court issued a written order (1) modifying the personal representative's hourly rate for her "executor work" (which reduced the requested fees and costs from $35,000 to about $15,000) and (2) rejecting David's objection to the offset. The court found that the requested offset "properly account[ed] for damages" that David caused to the estate, including

_____

[2] Though David didn't object to the personal representative's hourly rate, his sibling did.

2

legal and repair costs.  The court directed the personal representative to file an amended petition reflecting the offset with the modified rate.[3]

¶ 8    As directed, the personal representative filed an amended petition for final settlement, but for reasons the record doesn't explain, the court didn't enter a final settlement order at that time. About a year later, David — now representing himself — filed a "motion objecting to granting" the final settlement, raising a slew of new and different objections to the petition.  The district court denied the motion, ruling that it was "unsupported by sufficient and relevant facts and unwarranted by applicable law."  The court then entered an order approving the amended petition for final settlement of the estate.  After deducting the approved offsets, David received nothing from the estate.

## II.    Analysis

¶ 9    David appeals the order for final settlement.  Because he is self-represented, we broadly construe his filings to ensure he isn't

---

[3] David appealed the district court's initial order directing the personal representative to file an amended final petition, but this court dismissed that appeal for lack of a final, appealable judgment.

denied review of important issues because of his inability to articulate his arguments like a lawyer. *See Jones v. Williams*, 2019 CO 61, ¶ 5. Doing that here, we understand David to argue that

- he was wrongfully evicted from the property;

- he did not set fire to the property and never admitted liability for the property damage; instead, the personal representative and other family members burned down the house for the insurance money;

- the damage to the outbuilding was never proven and did not affect the property's sale price;

- he had a right to be present at the hearing on the petition for final settlement of the estate, and his attorney's presence at the hearing did not waive that right;

- several of his constitutional rights were violated, including his right to due process;

- the personal representative and other family members "conspired" to forge Llewellyn's will and "defraud" the estate;

- the personal representative committed various crimes, including theft, fraud, and forgery;

- the personal representative breached her fiduciary duty to the estate by, among other things, incurring excessive attorney fees and repair costs against the estate and by charging excessive personal representative fees;

- the personal representative violated the will by refusing to sell David the house; and

- the district court's order is "flawed due to lack of competent evidence."

¶ 10    From all this, David asks us to (1) reverse the district court's order for final settlement of the estate, particularly those portions involving the offset against his share of the estate and the fees and costs that the personal representative charged against the estate; (2) order a "full investigation" into the personal representative and direct that she be charged with several crimes; (3) "suspend any further use" of the estate's money; and (4) award him $1,000,000 as "restitution for his belongings" lost in the fire, for "pain and suffering from incarceration" caused by the personal representative, and to cover his share of the estate.

¶ 11    For several reasons, we decline to address David's arguments. First, the opening brief does not comply with the Colorado Appellate

Rules.  While we acknowledge that self-representation is difficult, pro se parties are bound by the same rules, procedures, and law as represented parties.  *Gandy v. Williams*, 2019 COA 118, ¶ 8.  The opening brief does not comply with C.A.R. 28 because it doesn't identify whether or where in the record the arguments are preserved, include a clear and concise discussion of the grounds on which David seeks relief, or provide any review standards or record citations.  *See* C.A.R. 28(a)(5), (a)(7)(A)-(B), (e).  And though the brief cites some legal authority, it primarily directs us to criminal statutes that David believes the personal representative has violated.  Insofar as the brief references relevant probate law, it does so in the context of arguments that are conclusory, undeveloped, and difficult to follow.  Based on these deficiencies alone, we could end our review here.  *See Castillo v. Koppes-Conway*, 148 P.3d 289, 291-92 (Colo. App. 2006) (declining to review contention because opening brief advanced no "cogent argument" and violated C.A.R. 28); *see also* C.A.R. 38(a) (outlining possible sanctions for failure to comply with the appellate rules).

¶ 12     Second, even considering the record, David's appellate contentions are largely unpreserved.  Before the hearing on the

petition for final settlement, David's counsel objected to the petition, arguing that (1) David did not admit criminal liability for damage to the outbuilding as part of his guilty plea; (2) the quoted repair costs were insufficient to prove damage to the outbuilding; and (3) the insurance payment fully compensated the estate for damage caused to the house. The objection, however, did not raise the wrongful eviction, fraud, forgery, conspiracy, fiduciary duty, and constitutional claims now presented. Because they weren't raised, they are unpreserved. And we do not address unpreserved arguments. *In re Estate of Ramstetter*, 2016 COA 81, ¶ 12.[4]

¶ 13　　To the extent David presents arguments in his opening brief about the outbuilding damage and repair costs that align with specific objections raised in the district court before the hearing on

---

[4] We recognize that David raised these new arguments in his pro se "motion objecting to granting" the petition for final settlement filed a year after the hearing on the petition and the initial order directing the personal representative to file an amended petition with the modified hourly rate. But that motion is essentially a motion for reconsideration, and the district court wasn't required to consider new arguments first raised in a motion for reconsideration. *See, e.g., Lorenzen v. Pinnacol Assurance*, 2019 COA 54, ¶ 18 n.3. Regardless, even if the arguments were properly preserved, we would not address them because they are conclusory, undeveloped, and without record support. *See In re Estate of Liebe*, 2023 COA 55, ¶ 19.

the final settlement, David doesn't explain how or why the court erred by finding that the outbuilding was damaged and the repair costs were proper. And because the appellate record includes no transcripts, we must presume that the evidence — including the testimony the district court references in its initial order — supports the court's findings. *See Marchant v. Boulder Cmty. Health, Inc.*, 2018 COA 126M, ¶ 18 n.2. Without any identified legal or factual errors, there's nothing for us to review. *See Middlemist v. BDO Seidman, LLP*, 958 P.2d 486, 495 (Colo. App. 1997) (noting the appellant's obligation to identify the specific errors and legal authorities that would support reversal).

¶ 14     Finally, David requests relief that we cannot grant. Our only role is to review the district court's order for final settlement; we cannot award civil damages or order a criminal investigation into the personal representative. And because David presents no preserved or developed argument explaining why the district court's order was wrong, we have no basis to disturb it. *See Biel v. Alcott*, 876 P.2d 60, 64 (Colo. App. 1993) ("An appealing party bears the burden to provide supporting authority for contentions of error

asserted on appeal, and a failure to do so will result in an affirmation of the judgment.").

### III. Disposition

¶ 15    We affirm the order for final settlement.

JUDGE LIPINSKY and JUDGE KUHN concur.