**Raymond N. SPROULE, Petitioner,**

v.

**The INDUSTRIAL CLAIM APPEALS OFFICE OF the STATE OF COLORADO, DIVISION OF EMPLOYMENT AND TRAINING, and Valley Lab, Inc., Respondents.**

**No. 91CA1915.**

Colorado Court of Appeals,
Div. II.

April 9, 1992.

William E. Benjamin, Boulder, for petitioner.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., James C. Klein, Asst. Atty. Gen., Denver, for respondents Industrial Claim Appeals Office and Div. of Employment and Training.

No appearance for respondent Valley Lab, Inc.

Opinion by Judge HUME.

Raymond N. Sproule, claimant, seeks review of the final order of the Industrial Claim Appeals Office affirming a hearing officer's decision that claimant had failed to establish good cause for an untimely appeal from a deputy's denial of his claim for unemployment compensation benefits. We affirm.

Under § 8–74–103(1), C.R.S. (1986 Repl. Vol. 3B), an appeal from a deputy's decision must be postmarked or received by the Division of Employment and Training within fifteen calendar days from the mailing date of the decision. The deputy's decision was mailed to claimant's last reported address in Georgia on May 16, 1991. Claimant's appeal was postmarked August 22, 1991, more than two months past the fifteen day limit.

Section 8–74–106(1)(b), C.R.S. (1986 Repl. Vol. 3B) provides that a late appeal may be accepted for good cause shown, in accordance with the Division's regulations. Regulation No. 12.1.8, 7 Code Colo.Reg. 1101–2, sets out substantive guidelines for determining whether good cause has been shown for a late appeal. However, the regulation expressly provides that "good cause cannot be established to accept or permit an untimely action which was caused by the party's failure to keep the Division directly and promptly informed in writing of his current and correct mailing address."

The only reason offered by claimant for his late appeal was that he had moved from Georgia and had "no delivery address/forwarding address" from the end of May to mid-July. The hearing officer and Panel concluded that claimant's appeal was late because he failed to keep the Division informed of his mailing address and that he could not establish good cause.

Claimant contends, however, that the mailing address provision could not apply to him because he had no mailing address. We disagree.

The purpose of the mailing address provision is clear; it requires claimants and employers to keep the Division informed of their whereabouts. In light of that purpose, we conclude that a party cannot evade that requirement by failing to maintain a mailing address.

Contrary to claimant's argument, the regulation did not penalize him for failure to perform an impossible act. It is not impossible for a person moving to a new location to maintain a mailing address. He can direct that mail be sent or forwarded to the address of a relative, a friend, or to general delivery at the new location.

For the same reason, we reject claimant's argument that the regulation is ambiguous. The mailing address provision does not conflict with the provision in the regulation that good cause may be based on factors outside the party's control. Also, such provision does not conflict with the legislative purpose to provide protection for persons who become unemployed through no fault of their own.

Nor was claimant entitled to an evidentiary hearing. Because the mailing address provision barred claimant from establishing good cause by proving his own failure to comply with established procedures, he was not entitled to a hearing on that issue.

The order is affirmed.

SMITH and NEY, JJ., concur.