**John E. DAVIS, Petitioner,**

v.

**The INDUSTRIAL CLAIM APPEALS OFFICE of the STATE OF COLORADO; The Colorado Division of Employment and Training; and Dependable Cleaners & Shirt Laundry, Respondents.**

No. 98CA2243.

Colorado Court of Appeals, Div. I.

May 27, 1999.

William E. Benjamin, Boulder, Colorado, for Petitioner.

Gale A. Norton, Attorney General, Martha Phillips Allbright, Chief Deputy Attorney General, Richard A. Westfall, Solicitor General, Jeannette Walker Kornreich, Assistant Attorney General, Denver, Colorado, for Respondent Industrial Claim Appeals Office.

Beimford & Gleason, P.C., Richard J. Gleason, Denver, Colorado, for Respondent Dependable Cleaners & Shirt Laundry.

Opinion by Judge METZGER.

In this unemployment compensation case, petitioner, John E. Davis (claimant), seeks review of a final order of the Industrial Claim Appeals Office (Panel) which dismissed his administrative appeal from a hearing officer's adverse decision. Claimant's administrative appeal to the Panel was not timely filed, and the Panel ruled that good cause had not been shown for permitting the untimely appeal. We set aside the order and remand for further proceedings.

Claimant was employed part-time as a presser for respondent-employer, Dependable Cleaners and Shirt Laundry. Because he refused to take lunch breaks (after not having done so during his previous six years of employment), he was forced to resign.

Claimant then applied for unemployment benefits. A deputy of the Division of Employment and Training issued a decision disqualifying him from benefits pursuant to § 8–73–108(5)(e)(VI), C.R.S.1998. The decision stated:

> You were discharged for deliberate disobedience of a reasonable instruction. The instruction was normal for the job and was issued by proper authority. It is determined that you are responsible for the separation and a disqualification is being imposed.
>
> The maximum benefits have been reduced by the amount attributable to this employment and you cannot be paid benefits for ten (10) weeks, from 08/09/98 through 10/17/98. After this time, you may claim any remaining benefits if you continue to meet all weekly eligibility requirements. The balance of your claim as of this mailing date is $152.00.
>
> This decision becomes final unless a written appeal is filed within fifteen (15) calendar days from the 'date mailed' above. If you file an appeal on this decision, continue to mail your claim forms as instructed while the appeal is being processed.
>
> Please see reverse side of this form for appeal information.

One of the paragraphs on the reverse side concerned filing a late appeal:

> Appeals submitted beyond the 15–day limit must state the reason(s) why the appeal is late and the facts supporting the reasons for acceptance of appeal. If you fail to follow these steps, your appeal will be dismissed and no file material will be sent.

Claimant, *pro se,* timely appealed that decision. After a hearing, the referee determined claimant should be disqualified from receiving benefits but gave a different reason, *i.e.,* dissatisfaction with standard working conditions pursuant to § 8–73–108(5)(e)(I), C.R.S.1998. That decision stated, in pertinent part:

> *DECISION:* It is determined that the claimant is responsible for the separation from this employment, and a disqualification is issued under § 8–73–108(5)(e)(I), C.R.S. Subject to the maximum amount permitted by federal law, the claimant's maximum benefits payable shall be reduced by the benefits attributable to this employer on this claim and/or any future claim. In addition, if this employment was the claimant's last employment prior to filing the initial or additional claim, there shall be a 10–week postponement of any benefits remaining payable. The referee modifies the deputy's decision and, as modified, affirms.

After an intervening statement concerning a claimant's possible liability for repayment of benefits, there appear two printed paragraphs under the heading of Appeal Rights. The first of these states as follows:

> *Within fifteen calendar days from the date mailed* the interested parties may appeal this decision to the Industrial Claim Appeals Office (ICAO) .... (emphasis added)

The second paragraph sets out the procedures to be followed if the appealing party had failed to attend the hearing.

In contrast to the advisement in the deputy's decision about the effect of not timely appealing an adverse decision, no statement on this point appears in the "REFEREE'S DECISION."

Claimant, by counsel, appealed the referee's decision 19 days after it was issued, thus making his appeal four days late. His attorney stated that, based on the 10–week postponement language in the deputy's decision, claimant had believed he would begin receiving benefits after 10 weeks had elapsed from the filing of his claim. After his expected benefits failed to arrive, a customer service representative of the division advised claimant that he had no remaining benefits unless he filed an appeal. Claimant immediately contacted counsel and filed an appeal the next business day. Claimant requested that he be granted leave to appeal because "the appeal time has so recently passed ... that no party would be prejudiced," and because he was misled by the language concerning the 10–week delay.

Concluding that claimant's appeal was untimely, the Panel dismissed it. Applying the factors in Department of Labor and Employment Regulation 12.1.8, 7 Code Colo. Reg. 1101–2, the Panel found that, while the four-day delay in filing the appeal was not substantial, and while "there is no evidence that any other interested party has been prejudiced ... the language of the decisions was sufficiently clear to have reasonably informed the claimant of the adverse consequences of the disqualification. Thus, there was no administrative error and the claimant did not act in a reasonably prudent manner in failing to take timely action to contest the hearing officer's decision."

■ On review, claimant contends the Panel erred in refusing "to find good cause for a late appeal due to the ambiguous and unclear advisements set forth in the referee's decision." We agree.

■ As pertinent here, we may set aside the Panel's decision only if we determine that the decision is erroneous as a matter of law. *See* § 8–74–107(6)(d), C.R.S.1998. Regulation 12.1.8 outlines the substantive guidelines for the Panel in determining whether a party has shown good cause for failing to file a timely appeal from a referee's decision. Ambiguous advisements contained in administrative rulings concerning a party's rights and need to appeal may constitute "administrative error by the Division" pursuant to Regulation 12.1.8 if the language of the advisement would be confusing to a reasonable person in the claimant's position and if it may have influenced the untimeliness of the action taken. *See Marquez v. Industrial Claim Appeals Office,* 868 P.2d 1175 (Colo.App. 1994).

For these orders to constitute adequate notice, they should not be misleading in any

material respect. *Scofield v. Industrial Commission,* 697 P.2d 815 (Colo.App:1985).

Here, the referee's decision does not clearly set out the effect of the disqualification determination on claimant's future eligibility for benefits. Instead of advising him specifically that he is disqualified from receiving 25 of his 26 weeks of benefits, the language used in the decision, as quoted above, merely references in general terms the limitations of federal law and the benefits to be reduced.

Additionally, the decision did not advise claimant that he was disqualified from receiving all but one week of benefits for the entire benefit year, referencing instead a "10–week postponement." This would seem to suggest to a reasonable person that benefits would begin to be paid after 10 weeks had elapsed.

Consequently, we hold the technical and confusing nature of the advisements in the referee's decision rendered them ambiguous. *Cf. Hart v. Industrial Claim Appeals Office,* 914 P.2d 406 (Colo.App.1995). These ambiguities, concerning the amount and timing of benefits, constituted "administrative error" under Regulation 12.1.8. Thus, the Panel erred in finding that the language of the advisements was "sufficiently clear."

The Panel generally has discretion to weigh the various factors in Regulation 12.1.8 to determine whether a claimant has shown good cause for an untimely appeal. Here, the Panel concluded that, while the other factors in the regulation would favor allowing a late appeal, they did not "outweigh the absence of any reasonable justification [of ambiguous notice] for the claimant's failure to take timely action." Because we have determined that that conclusion constituted error, we hold good cause has been shown for the untimely appeal.

The order is set aside and the cause is remanded for further proceedings on claimant's appeal of the denial of benefits.

Judge TAUBMAN and Judge CASEBOLT concur.