Duong H. NGUYEN, Petitioner,

v.

**INDUSTRIAL CLAIM APPEALS OF-FICE of the State of Colorado and Max-tore Corporation, Respondents.**

No. 07CA1013.

Colorado Court of Appeals, Div. I.

Nov. 15, 2007.

William E. Benjamin, Boulder, Colorado, for Petitioner.

John W. Suthers, Attorney General, Laurie Rottersman, Assistant Attorney General, Denver, Colorado, for Respondent Industrial Claim Appeals Office.

Holland & Hart, LLP, Tarek F.M. Saad, Christina Gomez, Denver, Colorado, for Respondent Maxtore Corporation.

Opinion Modified On the
Court's Own Motion

Opinion by Judge MÁRQUEZ.

Petitioner, Duong H. Nguyen (claimant), seeks review of a final order of the Industrial Claim Appeals Office (Panel) that affirmed a hearing officer's decision dismissing as untimely claimant's appeal from a deputy's decision. We affirm.

On January 26, 2007, the deputy issued a Notice of Decision determining that claimant's maximum available benefits were being reduced by $8700 based upon a severance allowance he received from his employer. The notice indicated that the deputy's decision would become final unless claimant filed a written appeal within fifteen calendar days,

which, in this case, meant any appeal was due no later than February 12, 2007. *See* § 8–74–103(1), C.R.S.2007.

On March 28, 2007, forty-four days after the statutory deadline, claimant filed an appeal. In both the appeal itself, and a subsequent explanatory letter, claimant argued that his appeal was untimely due to "administrative error" by the Division of Employment (Division).

The hearing officer determined that claimant failed to demonstrate good cause for his untimely appeal, and, on review, the Panel affirmed the hearing officer's decision.

Claimant continues to assert that his appeal was late because of administrative error by the Division. He contends that the hearing officer and the Panel erred in concluding that he failed to establish good cause. We disagree.

■ Department of Labor and Employment Regulation 12.1.3, 7 Code Colo. Regs. 1101–2, provides that whenever an interested party files an untimely appeal from a deputy's decision, the Division shall determine whether good cause has been shown for permitting the appeal. Department of Labor and Employment Regulation 12.1.8 sets forth the following nonexclusive list of factors to be considered in deciding whether a party has shown good cause for excusing an untimely action:

(1) whether the party acted in the manner that a reasonably prudent individual would have acted under the same or similar circumstances,

(2) whether the party received timely notice of the need to act,

(3) whether there was administrative error by the division,

(4) whether there were factors outside the control of the party that prevented timely action,

(5) efforts by the party to seek an extension of time,

(6) whether the party was physically unable to take timely action,

(7) the length of time the action was untimely, and

(8) whether any other interested party was prejudiced by the untimeliness.

The Division has discretion to weigh the various factors in Regulation 12.1.8 to determine whether a claimant has shown good cause. *See Davis v. Indus. Claim Appeals Office*, 982 P.2d 330, 333 (Colo.App.1999).

■ Initially, we agree with the hearing officer's determination that claimant failed to demonstrate administrative error by the Division.

Claimant argues that the Division failed to adequately advise him, through either the internet claims filing system or the Notice of Decision, regarding the legal effect of a "severance allowance" and the legal difference between such an allowance and other types of cash payments that would not reduce his available benefits. *See Pero v. Indus. Claim Appeals Office*, 46 P.3d 484, 485–86 (Colo. App.2002); *see also* § 8–73–110(1), (8), C.R.S. 2007. In support of his argument that this constituted administrative error, claimant relies on *Davis*, 982 P.2d at 333, and *Marquez v. Industrial Claim Appeals Office*, 868 P.2d 1175, 1177 (Colo.App.1994).

We conclude that *Davis* and *Marquez* are both distinguishable from claimant's circumstances. In those cases, divisions of this court held that ambiguous advisements in administrative rulings may constitute administrative error. However, in both cases, the administrative advisements were held to be ambiguous primarily because they failed to explain the legal significance of a disqualification (that is, how it would impact the claimant's future eligibility for, or receipt of, benefits).

In contrast, the Notice of Decision issued in this case specifically informed claimant that his maximum payable benefit had been reduced by $8700. It also specified the reason for the reduction in benefits (the severance allowance) and included a reference to the supporting statutory subsections. Thus, unlike the circumstances in *Davis* and *Marquez*, the language of the advisement was not "confusing to a reasonable person in the claimant's position" and should not have "influenced the untimeliness of the action taken." *Davis*, 982 P.2d at 332.

Here, the Division has clearly explained the effect or impact of its decision, and claim-

ant has cited no authority that would require the Division to further explain legal distinctions or subtleties underlying that decision (namely, the distinguishing factors between a severance allowance and other types of separation payments). Nor has claimant cited anything to support his assertion that the Division was obligated to explain these legal distinctions in the factual information available through its internet claims filing system. *See Paul v. Indus. Comm'n,* 632 P.2d 638, 639 (Colo.App.1981) (claimant is presumed to have knowledge of contents of unemployment compensation statutes).

Under these circumstances, we agree with the hearing officer's determination that claimant failed to establish administrative error by the Division.

As the hearing officer noted, the remaining regulatory factors also weigh against a finding of good cause. Claimant received timely notice of the need to act, and was not prevented from filing a timely appeal by either physical inability or other factors outside of his control. Moreover, claimant did not seek an extension in which to file the appeal, and the appeal was substantially late. Finally, we agree with the hearing officer that by failing to timely seek legal assistance regarding his appeal prospects or options and, instead, doing nothing until learning of a former co-worker's appeal, claimant did not act in a reasonably prudent manner.

In sum, we conclude that the hearing officer and the Panel considered the appropriate good cause factors and did not err or abuse their discretion in determining that claimant failed to demonstrate good cause for the untimely appeal. *See Sproule v. Indus. Claim Appeals Office,* 830 P.2d 1152, 1153 (Colo.App.1992).

The order is affirmed.

Judge CASEBOLT and Judge STERNBERG *, concur.

