24CA0793 Bell v ICAO 09-12-2024

COLORADO COURT OF APPEALS

---

Court of Appeals No. 24CA0793
Industrial Claim Appeals Office of the State of Colorado
DD No. 4561-2024

---

Katina Bell,

Petitioner,

v.

Industrial Claim Appeals Office of the State of Colorado and Centura Health,

Respondents.

---

ORDER AFFIRMED

Division V
Opinion by JUDGE LUM
Freyre and Grove, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced September 12, 2024

---

Katina Bell, Pro Se

No Appearance for Respondents

¶ 1 In this unemployment benefits case, claimant, Katina Bell, seeks review of a final order of the Industrial Claim Appeals Office (Panel) dismissing as untimely her appeal of the hearing officer's decision that she was disqualified from receiving benefits. We affirm the Panel's order.

## I. Background

¶ 2 Bell worked as a patient benefits counselor for Centura Health for nearly a year, at which point she left for another job that had better pay and working conditions. Bell applied for unemployment benefits in connection with the termination of her Centura Health job, but a deputy with the Division of Unemployment Insurance (Division) determined she was disqualified from receiving benefits under section 8-73-108(5)(e)(V), C.R.S. 2024 (precluding benefits for claimants who quit one job in favor of another). Bell appealed the Division's decision to a hearing officer. After reviewing evidence presented at the hearing, the hearing officer reached the same conclusion as the Division. Accordingly, on March 12, 2024, the hearing officer issued an order disqualifying Bell from receiving benefits.

¶ 3    The hearing officer mailed that order to Bell the same day. The order included an advisement regarding Bell's right to appeal. Specifically, it explained that Bell had the right to request a new hearing or appellate review, so long as the Panel received such request within twenty days of the date the decision was mailed — in other words, by April 1, 2024.

¶ 4    Bell submitted a request for a new hearing on April 4, 2024 — three days past the deadline. The Panel emailed Bell the following day, asking when she received the hearing officer's decision and why she failed to timely file. On April 9, 2024, Bell responded that she received the decision "around" March 20 and had experienced difficulty accessing her Division file electronically. The Panel determined no good cause excused Bell's late filing, and it therefore dismissed her request for a new hearing as untimely.

II.    Legal Principles and Standard of Review

¶ 5    The Panel must receive a claimant's appeal of a hearing officer's decision within twenty calendar days after the claimant is notified of that decision. § 8-74-104(1), C.R.S. 2024. The Panel may review an untimely appeal only upon finding good cause for the

2

late filing. Dep't of Lab. & Emp. Reg. 12.1.3.3, 7 Code Colo. Regs. 1101-2.

¶ 6     In determining whether a claimant has shown good cause, the Panel considers (1) "whether the party acted in the manner that a reasonably prudent individual would have acted under the same or similar circumstances"; (2) whether the Division committed an "administrative error"; (3) whether the claimant "exercised control over the untimely action"; (4) the length of delay in filing; (5) whether the delay prejudiced "any other interested party"; and (6) "whether denying good cause would lead to a result that is inconsistent with the law." Dep't of Lab. & Emp. Reg. 12.1.8, 7 Code Colo. Regs. 1101-2. Generally, the Panel has discretion to weigh the foregoing factors, and we will not disturb its ruling absent an abuse of that discretion. *Nguyen v. Indus. Claim Appeals Off.*, 174 P.3d 847, 848-49 (Colo. App. 2007).

### III. Analysis

¶ 7     Construed liberally, Bell's brief raises two arguments — one challenging the merits of the hearing officer's decision and one restating her alleged good cause for filing a late appeal. *See People v. Bergerud*, 223 P.3d 686, 696-97 (Colo. 2010) (we construe pro se

filings liberally, giving effect to their substance rather than form). At this stage in the proceedings, the merits of the hearing officer's decision are not properly before us because the Panel never reached those issues. *See* § 8-74-107, C.R.S. 2024 (providing that the Panel's order may be set aside only upon limited grounds); *People in Interest of M.B.*, 2020 COA 13, ¶ 14 (an appellate court generally reviews only matters ruled on in the order being appealed). We review the sole issue the Panel addressed — whether Bell demonstrated good cause to accept her late appeal. *See M.B.*, ¶ 14.

¶ 8      Bell first contends, as she did below, that she had difficulty accessing information in her electronic file. The Panel expressly considered this argument and found that Bell received the hearing officer's decision by mail on March 20, that the decision contained clear appeal instructions, and that any trouble Bell experienced with respect to her electronic file made no difference to her ability to timely file an appeal. Bell neither challenges these findings nor the evidence the Panel cited to support its determination. Nor does she otherwise explain how the difficulty accessing the electronic file contributed to her untimely filing.

¶ 9    Bell also asserts that an agent "misled" her.  As best we understand her, this argument refers to a call she made on April 4, 2024, during which she says an agent told her that it wasn't too late to file her appeal with the Panel.  But because the deadline had already passed by the time Bell received this purported misinformation, it isn't a reason to set aside the Panel's order.

¶ 10    Consequently, we will not disturb the Panel's order on review.

## IV.    Disposition

¶ 11    We affirm the Panel's order.

JUDGE FREYRE and JUDGE GROVE concur.