24CA0859 Kemer v ICAO 10-03-2024

COLORADO COURT OF APPEALS

Court of Appeals No. 24CA0859
Industrial Claim Appeals Office of the State of Colorado
DD No. 4445-2024

Ararso Kemer,

Petitioner,

v.

Industrial Claim Appeals Office of the State of Colorado and Express Services
Inc,

Respondents.

ORDER AFFIRMED

Division IV
Opinion by JUDGE KUHN
Harris and Yun, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced October 3, 2024

Ararso Kemer, Pro Se

No Appearance for Respondents

¶ 1     In this unemployment benefits case, claimant, Ararso Kemer, seeks review of a final order of the Industrial Claim Appeals Office (Panel) dismissing as untimely his request for a new hearing. We affirm the Panel's order.

## I.     Background

¶ 2     Kemer worked for Express Employment Professionals, a temporary staffing agency, and performed various temporary assignments for a little over a year. On the first day of his last assignment, Kemer's supervisor criticized Kemer's personal hygiene. Kemer left the job site for that assignment and did not return.

¶ 3     When Kemer applied for unemployment benefits, a deputy with the Division of Unemployment Insurance approved his application. However, Express appealed that decision to a hearing officer for the Division. Express attended the hearing on appeal, but Kemer did not. After reviewing Express's evidence regarding the reason for Kemer's job separation, the hearing officer concluded that Kemer quit due to dissatisfaction with his working conditions (which the hearing officer found were not objectively unsatisfactory), and, as a result, Kemer was disqualified from receiving benefits under section 8-73-108(5)(e)(I), C.R.S. 2024.

¶ 4    The hearing officer mailed the decision to Kemer on March 8, 2024. The decision included an advisement regarding Kemer's right to appeal. Specifically, it explained that Kemer had the right to request a new hearing, so long as the Panel received such request within twenty days of the date the decision was mailed — in other words, by March 28, 2024.

¶ 5    Kemer submitted a request for a new hearing on April 19, 2024 — twenty-two days past the deadline. On April 22, staff for the Panel emailed Kemer, asking why he failed to timely file. Instead of directly responding to the email, Kemer filed another request for a new hearing on April 30, explaining his failure to appear for the first hearing and addressing the merits of the hearing officer's decision. However, Kemer's filing did not explain why he failed to meet the March 28, 2024, deadline to request a new hearing.

¶ 6    The Panel found that Kemer had not shown good cause to permit a late appeal and dismissed his request for a new hearing as untimely.

## II. Legal Principles and Standard of Review

¶ 7 The Panel must receive a claimant's request for a new hearing within twenty calendar days after notification of the hearing officer's decision. Dep't of Lab. & Emp. Reg. 11.2.13.2, 7 Code Colo. Regs. 1101-2. The Panel may review an untimely request for a new hearing only upon finding that good cause excuses the late filing. *Id.* The Panel may only make such a finding if the "request for new hearing contains a statement of the reasons for which the party failed to act in a timely manner or if information within the appeal file supports a determination of good cause." Dep't of Lab. & Emp. Reg. 12.1.3.3, 7 Code Colo. Regs. 1101-2.

¶ 8 In determining whether good cause exists, the Panel considers (1) "whether the party acted in the manner that a reasonably prudent individual would have acted under the same or similar circumstances"; (2) whether the Division committed an "administrative error"; (3) whether the claimant "exercised control over the untimely action"; (4) the length of delay in filing; (5) whether the delay prejudiced "any other interested party"; and (6) "whether denying good cause would lead to a result that is inconsistent with the law." Dep't of Lab. & Emp. Reg.

3

12.1.8, 7 Code Colo. Regs. 1101-2.  Generally, the Panel has discretion to weigh those factors, and we will not disturb its ruling absent an abuse of that discretion.  *See Nguyen v. Indus. Claim Appeals Off.*, 174 P.3d 847, 848-49 (Colo. App. 2007).

### III.    Analysis

¶ 9    Because Kemer is pro se, we broadly construe his pleadings to ensure that he is not denied review because of his inability to articulate his argument like a lawyer.  *See Johnson v. McGrath*, 2024 COA 5, ¶ 10.  However, we may not "act as an advocate for a pro se litigant."  *Id.*  Kemer appears to argue that the hearing officer erred by finding that he quit his job because, according to Kemer, his supervisor terminated him.  However, that issue is not properly before us because the Panel never addressed it.  *See* § 8-74-107 (granting appellate court jurisdiction to review only the Panel's decision); *see People in Interest of M.B.*, 2020 COA 13, ¶ 14 (appellate courts generally review only matters ruled on in the order appealed from).

¶ 10    We may only review what the Panel addressed — whether good cause existed to accept Kemer's late request for a new hearing.  *Id.* However, Kemer is silent on that issue.  He does not argue that the

Panel acted in excess of its powers, legally erred, or abused its discretion. Nor does he otherwise explain why the Panel's order dismissing his late request for a second hearing is incorrect. Consequently, we will not disturb the Panel's order on review. *See Middlemist v. BDO Seidman, LLP*, 958 P.2d 486, 495 (Colo. App. 1997) (noting appellant's obligation to identify specific errors and legal authorities supporting reversal).

## IV. Disposition

¶ 11 The Panel's order is affirmed.

JUDGE HARRIS and JUDGE YUN concur.