25CA0364 Ranger v ICAO 06-26-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 25CA0364
Industrial Claim Appeals Office of the State of Colorado
DD No. 34277-2024

---

Shawn Ranger,

Petitioner,

v.

Industrial Claim Appeals Office of the State of Colorado,

Respondent.

---

ORDER AFFIRMED

Division A
Opinion by JUDGE BERGER*
Román, C.J., and Martinez*, J., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced June 26, 2025

---

Shawn Ranger, Pro Se

No Appearance for Respondent


*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24-51-1105, C.R.S. 2024.

¶ 1      In this unemployment benefits case, Shawn Ranger seeks review of an order dismissing his appeal to the Industrial Claim Appeals Office (Panel).  We affirm.

## I.      Background

¶ 2      Ranger worked as a security engineer for Charter Communications, LLC (Charter) until he resigned from his position in July 2023.  He applied for unemployment benefits, but a deputy with the Division of Unemployment Insurance (Division) determined he was disqualified from receiving benefits under section 8-73-108(5)(e)(I), C.R.S. 2024 (precluding benefits for claimants who resigned based on dissatisfaction with standard working conditions).  After reviewing evidence regarding the reason Ranger separated from Charter, a hearing officer reached the same conclusion as the deputy.  Accordingly, on January 16, 2025, the hearing officer issued an order disqualifying Ranger from receiving benefits.  That order expressly advised Ranger that he could file an appeal with the Panel "within 20 calendar days from the date the [hearing officer's] decision was mailed."  (emphasis omitted).  The hearing officer's decision was mailed to Ranger on the same day, making the appeal deadline February 5, 2025.  Ranger filed an

appeal with the Panel on February 13, 2025 — eight days past the deadline. The Panel dismissed Ranger's appeal, finding that he failed to demonstrate good cause for the untimely filing.

## II. Legal Principles and Standard of Review

¶ 3 The Panel must receive a claimant's appeal of a hearing officer's decision within twenty calendar days after the claimant is notified of that decision. § 8-74-104(1), C.R.S. 2024. The Panel may review an untimely appeal only upon finding good cause for the late filing. Dep't of Lab. & Emp. Reg. 12.1.3.3, 7 Code Colo. Regs. 1101-2.

¶ 4 In determining whether a claimant has shown good cause, the Panel considers (1) "whether the party acted in the manner that a reasonably prudent individual would have acted under the same or similar circumstances"; (2) whether the Division committed an "administrative error"; (3) whether the claimant "exercised control over the untimely action"; (4) the length of delay in filing; (5) whether the delay prejudiced "any other interested party"; and (6) "whether denying good cause would lead to a result that is inconsistent with the law." Dep't of Lab. & Emp. Reg. 12.1.8, 7 Code Colo. Regs. 1101-2. Generally, the Panel has discretion to

2

weigh the foregoing factors, and we will not disturb its ruling absent an abuse of that discretion. *Nguyen v. Indus. Claim Appeals Off.*, 174 P.3d 847, 848-49 (Colo. App. 2007).

### III. Analysis

¶ 5    Ranger raises two arguments — one challenging the merits of the hearing officer's decision and one restating his alleged good cause for filing a late appeal. At this stage in the proceedings, the merits of the hearing officer's decision are not properly before us because the Panel never reached those issues. *See* § 8-74-107, C.R.S. 2024 (granting appellate court jurisdiction to review only the Panel's decision); *People in Interest of M.B.*, 2020 COA 13, ¶ 14 (An appellate court generally reviews only matters ruled on in the order being appealed.). We review the sole issue the Panel addressed — whether Ranger demonstrated good cause to accept his late appeal. *Id.*

¶ 6    On appeal, Ranger merely restates the argument he raised to the Panel regarding the reason for his delayed filing — that he simply failed to notice the error until after the twenty-day appeal deadline passed. The Panel expressly considered this argument and found that the hearing officer's order plainly advised Ranger of

3

the appeal deadline and that a reasonably prudent claimant would not have made the same error. Ranger neither challenges this finding nor the evidence the Panel cited to support its determination. Nor does he otherwise explain why the Panel's order is incorrect. In short, Ranger provides no reason to set aside the Panel's order, and we cannot consider arguments not raised. *See Minshall v. Johnston*, 2018 COA 44, ¶ 21 (a court may not invent arguments for pro se litigants); *Middlemist v. BDO Seidman, LLP*, 958 P.2d 486, 495 (Colo. App. 1997) (noting an appellant's obligation to identify specific errors and legal authorities supporting reversal). Consequently, we will not disturb the Panel's order on review.

## IV.   Disposition

¶ 7     We affirm the Panel's order.

CHIEF JUDGE ROMÁN and JUSTICE MARTINEZ concur.