25CA0757 Christ's Body v ICAO 08-21-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 25CA0757
Industrial Claim Appeals Office of the State of Colorado
DD No. 1357-2025

---

Christ's Body Ministries,

Petitioner,

v.

Industrial Claim Appeals Office of the State of Colorado and Michael Stevens,

Respondents.

---

ORDER AFFIRMED

Division VII
Opinion by JUDGE LUM
Lipinsky and Pawar, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced August 21, 2025

---

Robinson Waters & O'Dorisio, P.C., Juli E. Lapin, Denver, Colorado, for Petitioner

No Appearance for Respondent Industrial Claim Appeals Office

Michael Stevens, Pro Se

¶ 1    In this unemployment benefits case, employer, Christ's Body Ministries (CBM), seeks review of a final order of the Industrial Claim Appeals Office (Panel) dismissing as untimely CBM's appeal of the hearing officer's decision. We affirm the Panel's order.

## I.    Background

¶ 2    Michael Stevens worked for CBM, a nonprofit agency that provides services to unhoused individuals. Stevens performed multiple tasks, including maintenance, food setup, and organizing volunteers. He separated from CBM in October 2024.

¶ 3    When Stevens applied for unemployment benefits in connection with his job separation, a deputy with the Division of Unemployment Insurance (Division) determined that he was not eligible to receive benefits under section 8-70-140(1)(a), C.R.S. 2024. *See id.* (providing, for purposes of the Colorado Employment Security Act, that "employment" does not include services performed in the employ of a church or organization that is operated primarily for religious purposes).

¶ 4    Stevens appealed the Division's decision to a hearing officer. But the hearing was dismissed when Stevens failed to appear. Stevens then requested, and was granted, a new hearing. On

1

January 22, 2025, the division mailed the parties a notice of that the hearing was scheduled for February 10, 2025.

¶ 5 Only Stevens appeared at the February 10 hearing. Based on the evidence presented, the hearing officer reversed the Division's decision, concluding that (1) CBM was neither a church nor operated primarily for religious purposes, and (2) Stevens was eligible for unemployment benefits. *See id.*

¶ 6 The Division mailed the hearing officer's decision to the parties on February 12, 2025. The decision contained an advisement notifying CBM of its rights to appeal or request a new hearing, so long as the Panel received any such filing within twenty days from the decision's mailing date. CBM's deadline to appeal or request a new hearing was March 4, 2025. However, CBM filed its appeal[1] on March 28, 2025 — twenty-four days past the deadline.

¶ 7 The Panel did not find good cause to excuse CBM's late filing and dismissed the appeal as untimely.

---

[1] The Panel construed CBM's appeal as both an appeal of the hearing officer's decision and an "implicit request" for a new hearing. For simplicity, we refer to CBM's filing as an "appeal."

## II.    Standard of Review

¶ 8    We may only set aside the Panel's decision if (1) the Panel acted without or in excess of its powers; (2) the decision was procured by fraud; (3) the factual findings do not support its decision; or (4) the decision is erroneous as a matter of law. § 8-74-107(6), C.R.S. 2024; *Yotes, Inc. v. Indus. Claim Appeals Off.*, 2013 COA 124, ¶¶ 9-10. We may not disturb factual findings if they are supported by substantial evidence. *Mesa Cnty. Pub. Libr. Dist. v. Indus. Claim Appeals Off.*, 2017 CO 78, ¶ 17; *Yotes*, ¶ 10.

## III.    Analysis

¶ 9    CBM contends that the Panel erred by concluding that it lacked good cause for its untimely appeal. More specifically, it argues that the Panel's findings don't support this conclusion.

¶ 10    The Panel must receive a party's appeal of a hearing officer's decision or request for a new hearing within twenty calendar days after the party is notified of that decision. § 8-74-104(1), C.R.S. 2024; Dep't of Lab. & Emp. Reg. 11.2.13.2, 7 Code Colo. Regs. 1101-2. The Panel may review an untimely appeal or untimely request for a new hearing only upon finding that good cause

excuses the late filing. Dep't of Lab. & Emp. Regs. 11.2.13.2, 12.1.3.3, 7 Code Colo. Regs. 1101-2.

¶ 11    In determining whether good cause exists, the Panel has the discretion to weigh various factors, including, but not limited to, (1) whether the party acted in the manner that a reasonably prudent entity would have acted under the same or similar circumstances; (2) whether the Division committed an administrative error; (3) whether the party exercised control over the untimely action; (4) the length of delay in filing; (5) whether the delay prejudiced any other interested party; and (6) whether denying good cause would lead to a result that is inconsistent with the law. Dep't of Lab. & Emp. Reg. 12.1.8, 7 Code Colo. Regs. 1101-2; *Nguyen v. Indus. Claim Appeals Off.*, 174 P.3d 847, 848-49 (Colo. App. 2007).

¶ 12    The Panel considered the reasons CBM provided for its late filing. CBM explained that (1) "we did not look at the Hearing Officer's decision when it arrived in the mail," but instead placed it in Stevens's personnel file; (2) the decision was not provided to CBM's Director of Finance, who worked part-time; and (3) it "had concluded that this matter was closed" based on its receipt of the

4

deputy's decision that Stevens was ineligible for benefits. CBM also explained that it "did not attend the Hearing on Feb 10, 2025 because the issue of the organization being a church had been settled since 2017 and the CDLE web portal lists the organization as . . . Religious."

¶ 13 However, the Panel determined there was not good cause for accepting the late appeal and hearing request. In so concluding, the Panel found as follows:

- CBM received timely notice of the hearing officer's decision;

- CBM was physically able to act in a timely manner;

- CBM was not prevented from acting in a timely manner due to circumstances outside of its control;

- no relevant circumstances substantially interfered with CBM's opportunity to act in a timely manner;

- CBM did not act in a manner that was consistent with how a reasonably prudent entity would have acted in the same or similar circumstances;

- no administrative error by the Division contributed to CBM's untimely request;

- CBM made little or no effort to request an extension of time;

- the length of the delay — twenty-four days — was substantial; and

- although neither party would be prejudiced as a result of the delay, the lack of prejudice didn't "outweigh the absence of reasonable justification for the delay."

¶ 14 On appeal, CBM nonetheless reasserts that it acted in a reasonably prudent manner under the circumstances. CBM contends that it believed the proceedings related to Stevens's benefits claim had concluded and, further, that its status as a religious organization was "settled and would not be disturbed."

¶ 15 However, it was undisputed that CBM received notice of the February hearing on Stevens's benefits claim. But, having "concluded that this matter was closed," it disregarded the notice of the hearing. Regardless of whether it was reasonable for CBM to believe that its historical religious status shielded it from Stevens's claim, it was not reasonable for CBM to disregard the Division's notice. Had CBM appeared at the February hearing, it could have asserted its religious status. But CBM did not avail itself of that opportunity.

¶ 16    And then, after failing to appear at the hearing, CBM also unreasonably failed to "look at" the hearing officer's decision when it arrived in the mail. In so doing, CBM delayed learning of both the hearing officer's decision and its appeal rights, causing it to file its appeal well after the deadline had passed. No evidence reveals circumstances beyond CBM's control that precluded it from taking timely action. Accordingly, we do not disturb the Panel's finding that CBM did not act as a reasonably prudent entity would have. *See Mesa*, ¶ 17.

¶ 17    CBM also points out that no interested party, including Stevens, experienced prejudice due to the delay. But while the Panel determined that CBM's delay didn't prejudice other interested parties, it also concluded that the lack of prejudice didn't outweigh the absence of reasonable justification for CBM's "substantial" delay in filing the appeal. And we perceive no abuse of the Panel's discretion in its weighing of the relevant factors. *See Nguyen*, 174 P.3d at 848-49.

¶ 18    CBM further argues that (1) denying good cause would result in a determination that is inconsistent with the law, and (2) fundamental fairness requires a finding of good cause. But because

7

CBM failed to raise these arguments in the administrative proceedings below, we do not consider them on appeal. *See Velo v. Emp. Sols. Pers.*, 988 P.2d 1139, 1143 (Colo. App. 1998) (declining to consider arguments raised for the first time on appeal); *see also People in Interest of M.B.*, 2020 COA 13, ¶ 14 (generally, appellate courts only review matters on which the court ruled in the order being appealed).

¶ 19 Because the Panel properly considered and weighed the applicable factors in concluding that CBM failed to establish good cause for its untimely appeal, and because the Panel's findings support its decision, we discern no basis for reversal. *See* § 8-74-107(6)(c); *Nguyen*, 174 P.3d at 848-49.

IV. Disposition

¶ 20 The Panel's order is affirmed.

JUDGE LIPINSKY and JUDGE PAWAR concur.