25CA1793 Stoffel v ICAO 03-05-2026

COLORADO COURT OF APPEALS

Court of Appeals No. 25CA1793
Industrial Claim Appeals Office of the State of Colorado
DD No. 11781-2025

Andrew Stoffel,

Petitioner,

v.

Industrial Claim Appeals Office of the State of Colorado,

Respondent.

ORDER AFFIRMED

Division VI
Opinion by JUDGE SCHOCK
Grove and Yun, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced March 5, 2026

Andrew Stoffel, Pro Se

No Appearance for Respondent

¶ 1     In this unemployment benefits case, claimant, Andrew Stoffel, seeks review of an order of the Industrial Claim Appeals Office (the Panel) dismissing his administrative appeal. We affirm the order.

## I.     Background

¶ 2     In April 2025, a deputy for the Division of Unemployment Insurance determined that Stoffel was entitled to unemployment benefits. Stoffel's former employer, Raising Cane's USA, LLC (Employer), timely appealed that determination, and a hearing was scheduled for July 2. The notice of hearing required the parties to check in at least a day before the hearing and explained that, if they did so, a hearing officer would call them at the scheduled time.

¶ 3     Stoffel did not check in and, thus, did not receive a call or otherwise appear for the hearing. Although the notice of hearing states that it was mailed on June 13, Stoffel claims that he received the notice by email on June 30.[1] He says that, upon receiving the notice, he "tried leaving a message with appeals that [he] no longer needed the hearing because [he] had won the case." Then, when he

---

[1] In his email to the Panel after the hearing officer's decision, Stoffel said he received the email notice of the hearing "around mid-June."

did not receive a call from the hearing officer at the scheduled time, he assumed the hearing had been canceled based on his request.

¶ 4    The hearing officer reversed the deputy's determination and concluded that Stoffel was disqualified from receiving benefits under section 8-73-108(5)(e)(XIV), C.R.S. 2025. The written decision states that it was mailed to the parties on July 18, 2025. It lists Stoffel as a party, along with his correct mailing address. The decision indicates that any appeal must be received within twenty calendar days of the date the decision was mailed.

¶ 5    On August 22, Stoffel emailed the Panel and asked to appeal the hearing officer's decision. He said that he had "just found out recently" that the hearing "did happen" and that the prior decision had been reversed. He explained that he had discovered this "by seeing an email from Unemployment Insurance saying [he] had documents to look at" and then logging into his MyUI+ account.

¶ 6    The Panel denied the request. It concluded that the appeal was untimely under section 8-74-104(1), C.R.S. 2025, and that Stoffel had not shown good cause for filing a late appeal. The Panel therefore dismissed Stoffel's appeal of the hearing officer's decision.

## II. Standard of Review and Applicable Law

¶ 7    We may set aside the Panel's decision only if (1) the Panel exceeded its powers; (2) the decision was procured by fraud; (3) the findings of fact do not support the decision; or (4) the decision is erroneous as a matter of law. § 8-74-107(6)(a)-(d), C.R.S. 2025.

¶ 8    An appeal of a hearing officer's decision must be received by the Panel within twenty calendar days after notification of the decision. § 8-74-104(1). When an interested party files an untimely appeal from a hearing officer's decision or requests a new hearing after failing to participate as directed in a hearing on an appeal from a deputy's decision, the Panel must "determine if good cause has been shown . . . for permitting the untimely appeal or excusing the failure to participate in the hearing as directed." Div. of Unemployment Ins. Reg. 12.1.3.3, 7 Code Colo. Regs. 1101-2.

¶ 9    In determining whether a party has shown good cause, the Panel may consider (1) whether the party acted as a reasonably prudent individual would have under the circumstances; (2) whether there was administrative error by the Division; (3) whether the party exercised control over the untimely action; (4) the length of time the action was untimely; (5) whether any other

3

interested party has been prejudiced; and (6) whether denying good cause would lead to a result that is inconsistent with the law. Div. of Unemployment Ins. Reg. 12.1.8, 7 Code Colo. Regs. 1101-2.

¶ 10 The Panel has discretion to weigh these factors, and we will not disturb its ruling absent an abuse of discretion. *Nguyen v. Indus. Claim Appeals Off.*, 174 P.3d 847, 848-49 (Colo. App. 2007).

## III. Discussion

¶ 11 Stoffel does not dispute that his appeal was late. The hearing officer's decision was mailed on July 18, 2025, making the deadline to file an appeal August 7, 2025. Stoffel did not seek to appeal until August 22, 2025. But Stoffel argues that there was good cause for his late filing because he was not aware of the hearing officer's decision earlier and filed an appeal as soon as he became aware of it. We perceive no abuse of discretion in the Panel's determination.

¶ 12 The Panel determined that Stoffel did not establish good cause for the late appeal. In making that determination, it made the following findings, all of which have record support: (1) the hearing officer's decision was timely mailed to Stoffel's address of record and posted to his MyUI+ account, thus giving him notice of the need to take timely action; (2) Stoffel was physically and mentally

4

able to file a timely appeal; and (3) Stoffel was not prevented from filing a timely appeal due to circumstances beyond his control.

¶ 13 The Panel also found that Stoffel did not act as a reasonably prudent person would have acted by failing to monitor his emails, failing to log into his MyUI+ account earlier, and assuming the hearing had been cancelled. In particular, the Panel explained that Stoffel was notified on July 18 by email — his stated delivery preference — that new correspondence had been posted to his account but apparently did not see that email. The Panel also noted that no Division administrative error contributed to the untimely appeal and that the fifteen-day delay was "not minimal."

¶ 14 After review of the record, we conclude that the Panel properly considered the applicable good cause factors in Regulation 12.1.8 and did not abuse its discretion in determining that Stoffel failed to demonstrate good cause for his untimely appeal. *See Nguyen*, 174 P.3d at 849; *see also Mohawk Data Scis. Corp. v. Indus. Comm'n*, 671 P.2d 1335, 1338 (Colo. App. 1983) ("[F]actual determinations concerning the reasons for the [party's] failure timely to file its appeal are conclusive if supported by substantial evidence.").

¶ 15 Stoffel's arguments do not persuade us otherwise. He asserts that "to his knowledge," he did not "receive a mailed copy of the decision." But even accepting this as true, he does not dispute that he received email notification of the decision on July 18. He simply explains that checking the electronic system was "a low priority" for him because he was employed and no longer receiving benefits. We agree with the Panel that this does not constitute good cause for failing to review the notification for more than a month — particularly when he was on notice that Employer had appealed.

¶ 16 Stoffel also contends that since the original decision was in his favor, he could "successfully defend his case if given the opportunity." But aside from being irrelevant to the timeliness of the appeal, he was given the opportunity. Stoffel admits that he received an email on June 30 advising him of the hearing set for July 2. He also admits that the MyUI+ system alerted him to the hearing two weeks earlier. Yet, despite the notice clearly stating that "[y]ou must CHECK IN for your hearing AS SOON AS POSSIBLE and NO LATER than 2 PM the DAY BEFORE YOUR HEARING," Stoffel says he did not understand the need to check in.

We agree with the Panel that Stoffel did not act reasonably by failing to check in and then assuming the hearing was cancelled.

¶ 17 Stoffel next contends that, as a nonlawyer, he did not comprehend the notices he received and is unfairly disadvantaged as a result. But the issue is not whether Stoffel understood the notice concerning his appeal rights — he clearly did, as he requested an appeal immediately upon learning of the decision. The issue is that he did not review the document when he received it. In any event, having sought unemployment benefits, Stoffel is presumed to know the legal requirements for doing so. *Boeheim v. Indus. Claim Appeals Off.*, 23 P.3d 1247, 1249 (Colo. App. 2001).

¶ 18 Finally, Stoffel argues that his repayment of $3,100 in benefits he received would result in undue financial hardship to him, and he requests a "hardship waiver." That is not relief we can grant in this appeal because it was not raised before the Panel. Moreover, section 8-74-109(2), C.R.S. 2025, requires the Division to recoup benefits "to which [the claimant] is subsequently determined to be not entitled as a result of a final decision in the appeals process."

¶ 19 We note, however, that the Division may waive repayment if it determines repayment to be inequitable. *See* § 8-81-101(4)(a)(I),

C.R.S. 2025. Stoffel is free to pursue a request for a waiver of his repayment obligation in a separate proceeding before the Division. *See* Div. of Unemployment Ins. Reg. 15.2.2., 7 Code Colo. Regs. 1101-2 (outlining process for requesting waiver of overpayment).

## IV. Disposition

¶ 20 The Panel's order is affirmed.

JUDGE GROVE and JUDGE YUN concur.