25CA2325 Haggerty v ICAO 06-18-2026

COLORADO COURT OF APPEALS

---

Court of Appeals No. 25CA2325
Industrial Claim Appeals Office of the State of Colorado
DD No. 27118-2025

---

Lindsey Haggerty,

Petitioner,

v.

Industrial Claim Appeals Office of the State of Colorado,

Respondent.

---

ORDER AFFIRMED

Division II
Opinion by JUDGE HARRIS
Tow and Brown, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced June 18, 2026

---

Lindsey Haggerty, Pro Se

No appearance for Respondent

¶ 1    Lindsey Haggerty appeals an order of the Industrial Claim Appeals Office (Panel) denying his request for a new hearing. We affirm the Panel's order.

## I.    Background

¶ 2    Haggerty worked as a truck driver for 10 Roads Express, LLC (Employer). When he transitioned from full- to part-time work for Employer, Haggerty applied for unemployment benefits. A deputy for the Division of Unemployment Insurance (Division) granted Haggerty's claim for unemployment benefits. Employer appealed that decision to the Division's hearing officer, who scheduled the matter for an evidentiary hearing on November 14, 2025.

¶ 3    Employer attended the hearing, but Haggerty did not. After reviewing Employer's evidence, as well as the Division's file, the hearing officer agreed with the deputy that Haggerty "was partially separated" from employment during the summer of 2025, when he transitioned from full- to part-time status. However, the hearing officer then found that Haggerty fully separated from Employer at the end of that summer. *See* § 8-73-108(3)(a)(I), C.R.S. 2025 ("In the event a claimant has more than one separation from the same adjudicable employer, the most recent separation shall be

1

controlling as to the determination of eligibility for benefits attributable to that employer."). At that time, according to the hearing officer's findings, suitable work was available and the working conditions were not unsatisfactory, but Haggerty did not accept Employer's offers of work or respond to Employer's attempts to contact him about work and, therefore, "by his actions . . . quit th[e] employment." Because Haggerty "quit without providing a reason," the hearing officer concluded that Haggerty was disqualified from receiving benefits under section 8-73-108(5)(e)(XXII), which applies when the claimant quits "under conditions involving personal reasons."

¶ 4    Haggerty requested a new hearing from the Panel. After exchanging correspondence with Haggerty regarding the reasons he missed the hearing, the Panel concluded that Haggerty failed to establish good cause excusing his absence. Accordingly, the Panel denied his request for a new hearing and noted that the case would "proceed on [Haggerty's] appeal" of the hearing officer's decision denying benefits. Haggerty did not separately appeal that decision to the Panel, though; rather, in response to the Panel's request for information, he indicated that, if a new hearing was not granted, he

2

did not wish to proceed with an appeal of the merits based only on the evidence presented at the November 14, 2025, hearing.

## II.    Discussion

### A.    Legal Principles and Standard of Review

¶ 5    Where a claimant fails to attend a hearing he did not initially request, he may secure a new hearing only if he establishes good cause for failing to participate the first time.  Div. of Unemployment Ins. Reg. 11.2.13.2, 7 Code Colo. Regs. 1101-2.  In determining whether good cause exists, the Panel considers, among other things, (1) whether the claimant "acted in the manner that a reasonably prudent individual would have acted under the same or similar circumstances"; (2) whether the Division committed an administrative error; (3) whether the claimant's failure to appear prejudiced any other interested party; and (4) "whether denying good cause would lead to a result that is inconsistent with the law." Div. of Unemployment Ins. Reg. 12.1.8, 7 Code Colo. Regs. 1101-2. Generally, the Panel has discretion to weigh those factors, and we will not disturb its ruling absent an abuse of that discretion.  *See Nguyen v. Indus. Claim Appeals Off.*, 174 P.3d 847, 848-49 (Colo. App. 2007).

B.    The Panel Did Not Err by Denying Haggerty a New Hearing

¶ 6    The order on appeal is the Panel's order denying Haggerty a new hearing.  We discern no error by the Panel.

¶ 7    The question for the Panel was whether Haggerty had established good cause for missing the November 14, 2025, hearing. It was undisputed that on November 6, Haggerty registered for the hearing and provided a telephone number, and on the date and time of the hearing, the hearing officer attempted to call Haggerty at the number provided, but Haggerty neither answered the phone nor returned the call.  Instead, fifteen minutes after the hearing started, Haggerty checked in and provided a different phone number. Haggerty later explained that the initial number was for a landline home telephone (instead of the cell phone he ordinarily uses), and he was not at home at the time of the hearing so he could not answer the hearing officer's call.  He did not know why that number was provided when he registered for the hearing.

¶ 8    The Panel concluded that there were no circumstances outside Haggerty's control that prevented him from appearing for the hearing on November 14 and no administrative error on the part of the Division.  Instead, the Panel determined that Haggerty had

failed to act reasonably by (1) providing a landline telephone number to which he did not have access at the time of the hearing and (2) failing to re-register with the second number at any point before the hearing.

¶ 9     Haggerty does not argue that the Panel acted in excess of its powers, legally erred, reached a decision unsupported by the factual findings, or abused its discretion, and we perceive no basis for such an argument.  *See* § 8-74-107(6)(a)-(d), C.R.S. 2025 (listing the grounds on which the Panel's decision may be set aside by the court).  Consequently, we will not disturb the Panel's order on review.  *See Middlemist v. BDO Seidman, LLP*, 958 P.2d 486, 495 (Colo. App. 1997) (noting the appellant's obligation to identify specific errors and legal authorities supporting reversal).

##### C.     This Court Lacks Jurisdiction to Review the Hearing Officer's Decision

¶ 10     Haggerty argues the hearing officer erred in finding that he quit his job.  However, that issue is not properly before us.

¶ 11     A claimant who wishes to challenge a hearing officer's decision must first file an appeal with the Panel.  *See* § 8-74-104(1), C.R.S. 2025.  Once the Panel has rendered a decision, the claimant may

seek review in the court of appeals. *See* § 8-74-107. But here, the only decision rendered by the Panel was a decision denying Haggerty's request for a new hearing. The Panel's order did not adjudicate the merits of the hearing officer's decision disqualifying Haggerty from receiving benefits. And it does not appear that Haggerty appealed the hearing officer's decision; thus, there is no order by the Panel concerning the denial of benefits for us to review.

### III.   Disposition

¶ 12    The Panel's order is affirmed.

JUDGE TOW and JUDGE BROWN concur.