26CA0297 Vest v ICAO 06-25-2026

COLORADO COURT OF APPEALS

---

Court of Appeals No. 26CA0297
Industrial Claim Appeals Office of the State of Colorado
DD No. 19220-2025

---

George Vest,

Petitioner,

v.

Industrial Claim Appeals Office of the State of Colorado,

Respondent.

---

ORDER AFFIRMED

Division V
Opinion by JUDGE SCHUTZ
Yun and Bernard*, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced June 25, 2026

---

Geoge Vest, Pro Se

No Appearance for Respondent


*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24-51-1105, C.R.S. 2025.

¶ 1    In this unemployment compensation benefits case, claimant, George Vest, appeals a final order of the Industrial Claim Appeals Office (the Panel) dismissing his request for a new hearing. We affirm.

## I.    Background

¶ 2    On July 7, 2025, a deputy for the Division of Unemployment Insurance (the Division) determined that Vest was entitled to benefits. His former employer, Jones Lang LaSalle Americas Inc. (the Employer), timely appealed the determination, and a hearing was scheduled for August 25. The Division mailed the notice of hearing to Vest on July 31.

¶ 3    Vest did not appear for the hearing, but two Employer representatives appeared and testified. The hearing officer reversed the deputy's determination, concluding that Vest was disqualified from receiving benefits under section 8-73-108(5)(e)(XIV), C.R.S. 2025 (rudeness, insolence, or offensive behavior not reasonably to be countenanced by a customer, supervisor, or fellow worker). The hearing officer's decision was "mailed, postage prepaid, to the [interested] parties listed herein this 29th day of August, 2025." (the

August decision).  Vest was listed as an interested party and his correct mailing address appeared on the decision.

¶ 4     The decision contained a notice, in bold italicized language, indicating that it was final unless timely appealed.  The notice provided that a written appeal "must be received by the [Panel] within [twenty] calendar days from the date the decision was mailed."  The decision also said that "if this decision reverses a previous award of benefits, you may be liable to repay those benefits."

¶ 5     On January 6, 2026, Vest emailed the Panel, and he asked to appeal two decisions.

¶ 6     First, he asked to appeal a decision denying his request to waive his repayment of $2,205 to the Division, docket number 28583-2025.  That decision is not in the record.

¶ 7     Second, he said that he was "not invited to a hearing in July that he only found out about two months later" when the Division sent him documents from the Employer.  He argued that the Employer should have provided him the documents prior to the hearing, and the Division should have notified him "of any hearing

2

in advance." He said he wanted to "appeal that decision as the [Division] did not follow its own rules."

¶ 8     The Panel responded, advising Vest that they had questions regarding docket number 19220-2025 and the August decision. The Panel observed that Vest's preferred communication method was electronic, and that he should have received an email around August 29 instructing him to check his electronic "MyUI+" electronic account to review the August decision. The Panel asked

- what month and specific date Vest learned about the August decision;
- why he did not appeal within twenty days;
- why he did not attempt to request a new hearing when he learned about the hearing instead of waiting until January 2026;
- why he did not check his electronic account in July or August; and
- for him to "please submit the documents you are referring to."

¶ 9     Vest responded that he learned about the August decision in September 2025 after the Division "sent me the documents that

3

were submitted . . . by [the Employer] but were not sent to me prior to the hearing." He said he no longer had the documents, however, because "they were full of lies and pissed me off to no end." Vest said that he thought the August decision was final and instead focused on "the waiver appeal" (docket number 28583-2025) because he already had new employment. Vest explained:

> I had returned to a new job and wasn't monitoring your website daily. I hate to inform you, but you have one of the worst websites I've ever seen. I never received any notification of any hearing. The only thing I received was sent by [the Division] and that was the package of lies that [the Employer] gave to you but not me, which violates your rules.

¶ 10     The Panel sent the Employer a notice that Vest had submitted "a late request for a new hearing" and advised the Employer that the Panel would determine if good cause had been shown for accepting the late request. If the Panel accepted the late request, it would then determine whether to set a new hearing and notify the Employer.

¶ 11     The Panel subsequently issued an order finding that Vest had not shown good cause for his untimely request for a new hearing and dismissing his request.

4

## II.    Standard of Review

¶ 12    We may set aside the Panel's decision only if (1) the Panel acted without or in excess of its powers; (2) the decision was procured by fraud; (3) the findings of fact do not support the decision; or (4) the decision is erroneous as a matter of law.  § 8-74-107(6)(a)-(d), C.R.S. 2025.

## III.    Applicable Law

¶ 13    Division of Unemployment Insurance Regulation 12.1.3.3, 7 Code Colo. Regs. 1101-2, provides:

> Whenever an interested party files *an untimely appeal from a hearing officer's decision, or fails to participate as directed in a hearing held on an appeal from a deputy's decision and has filed a request for a new hearing*, the [P]anel shall determine if good cause has been shown, pursuant to section 12.1.8, for *permitting the untimely appeal or excusing the failure to participate in the hearing* as directed.

*Id.* (emphasis added).

¶ 14    Regulation 12.1.8 contains substantive guidelines for determining whether a party has shown good cause for permitting an untimely action.  The Panel should consider:

- "whether the party acted in the manner that a reasonably prudent individual would have acted under the same or similar circumstances";

- "whether there was administrative error" by the Division;

- "whether the party exercised control over the untimely action";

- "the length of time the action was untimely";

- "whether any other interested party has been prejudiced" by the untimely action; and

- "whether denying good cause would lead to a result that is inconsistent with the law."

Div. of Unemployment Ins. Reg. 12.1.8, 7 Code Colo. Regs. 1101-2.

¶ 15    Generally, the Panel has discretion to weigh those factors, and we will not disturb its ruling absent an abuse of that discretion. *Nguyen v. Indus. Claim Appeals Off.*, 174 P.3d 847, 848-49 (Colo. App. 2007).

IV.    Panel's Findings

¶ 16    The Panel concluded that Vest did not establish good cause, finding the following:

6

- The August decision was timely posted and accessible in Vest's electronic account as of August 29, 2025.

- The Division emailed Vest that day, alerting him that a document had been uploaded to the account.

- Vest had access to the account but did not log in and view the August decision because he had returned to work and was not anticipating any new correspondence.

- Vest became aware of the August decision in September 2025 when he received a mailed copy of the hearing notice and additional documents from the "Appeals/Hearings Office."

- Vest took no action to view the August decision on his electronic account or otherwise respond until he accessed his account on October 14, 2025, and requested an overpayment waiver.

¶ 17 The Panel acknowledged that it could grant a new hearing under Regulation 11.2.13.2, 7 Code Colo. Regs. 1101-2, if good cause is established for excusing the party's failure to appear. The Panel explained, "if you appeal late or are requesting a new hearing because you did not participate in the original hearing, you must

7

include, in your appeal, a detailed explanation of why you appealed late or did not attend the original hearing."

¶ 18 The Panel concluded that it "cannot find that a similarly situated reasonable claimant would make the same mistake." Specifically, he did not act in a manner that a reasonably prudent individual would have acted when he failed to monitor his emails or log into his electronic account until October. The Panel found that Vest was physically and mentally able to file an appeal, and no circumstances beyond his control contributed to his delay in appealing the August decision when he became aware of it in September. Finally, the Panel determined that Vest's delay of 110 days was not minimal, and the absence of a reasonable explanation for the delay outweighed the public interest in deciding cases on the merits.

## V. Discussion

¶ 19 On appeal, Vest argues that he was "not invited" to the hearing. Even if we accept, as did the Panel, Vest's contention that he did not receive the mailed notice of the hearing, he does not explain why he did not see the notice posted to his electronic account. Had he checked his electronic account when he became

aware of the August decision, he could have carefully read his appeal rights at that time and asked the Panel to weigh the good cause factors for his untimely request for a new hearing and his untimely appeal of the August decision. But he waited to do so until January 2026, despite being mentally and physically able to act sooner. We discern no error in the Panel's determination that Vest did not act as a reasonably prudent individual would have in that situation.

¶ 20    Vest continues to assert that the Employer did not send him documents timely. But the Panel noted that he apparently admitted receiving those documents in September and could have appealed at that time. But he did not do so, and instead waited until January 2026 to email the Panel. The Panel found, and we agree, that Vest's delay — between September 2025, when he learned about both the hearing and the August decision — and January 2026, when he emailed the Panel, was substantial.

¶ 21    Vest also argues that his liability for an overpayment is a financial hardship. Section 8-74-109(2), C.R.S. 2025, expressly requires the Division to recover benefits a claimant receives "to which he is subsequently determined to be not entitled as a result

of a final decision in the appeals process." In any event, we cannot consider this argument because the issue of overpayment is not before us because we have no record of docket number 28583-2025 or any decision denying Vest's repayment waiver request.

## VI. Disposition

¶ 22 We affirm the Panel's order.

JUDGE YUN and JUDGE BERNARD concur.